Leonard JEFFERSON, et al.

v.

John F. MORAN.

Civ. A. No. 82–0459.

United States District Court,
D. Rhode Island.

May 6, 1983.

---

Normand G. Benoit, Rhode Island American Civil Liberties Union, Providence, R.I., for plaintiffs.

Anthony A. Cipriano, Cranston, R.I., for defendant.

## OPINION

FRANCIS J. BOYLE, Chief Judge.

This is a civil action in which Plaintiffs seek declaratory and injunctive relief for alleged violations of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is asserted under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3) and (4). Plaintiffs also urge the Court to exercise pendent jurisdiction over the state claim that Defendant has violated R.I.Gen. Laws § 42–35–3 (1959), the Rhode Island Administrative Procedures Act (APA).

Named Plaintiffs are inmates at the Adult Correctional Institution (ACI) and others affected by certain policies adopted between May 18, 1981 and April 27, 1982 by the Department of Corrections for the State of Rhode Island, Defendant John J. Moran, director.

Plaintiffs request certification as a class action pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure. Where "the prospective benefits of declaratory and injunctive relief will benefit all members of a proposed class to such an extent that the certification of a class would not further the implementation of the judgment a district court may decline certification." *Davis v. Smith,* 607 F.2d 535, 540 (2d Cir.1978). The decision made in this action will apply to all persons interested in the status of the policies adopted by the Defendant and therefore this request is denied.

The policies in issue are contained in "Operational Memoranda" distributed by Defendant between May 18, 1981 and April 27, 1982 to Department of Corrections personnel. These memoranda were filed with the Secretary of State, in Defendant's own words, "in accordance with R.I.Gen. Laws § 42–35 Administrative Procedures Act." The operational memoranda introduced in evidence involve a range of activities, including inmate classification, parole, religious services and programs, news media access to public information, mail policies, key control plans, strip-searches of visitors and substance abuse.

R.I.Gen. Laws § 42–35–3 directs that before an agency adopts "any rule" it shall give at least twenty days notice of its intended action, both by publication and to all persons who have made a request for such notice in advance. The agency also must solicit written comment, and provide an oral hearing if requested to do so by twenty-five persons, an agency of government or an association of more than twenty-five persons. Upon adoption of the rule the agency is required to state in writing its principal reasons for adopting the rule and its reasons for overruling considerations urged against its adoption.

R.I.Gen. Laws § 42–35–1 defines a rule as "each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure or practice requirements of any agency." The term includes the amendment or repeal of a prior rule, but does not include "(1) statements concerning only the internal management of an agency and not affecting private rights or procedures available to the public . . .".

The issue in this action is whether or not the operational memoranda circulated by the Director of the Department of Corrections are excluded from compliance with the Administrative Procedures Act predicated upon the contention that they are statements concerning only the internal management of the agency and do not affect private rights or procedures available to the public.

Plaintiffs allege that the memoranda constitute rules within the meaning of the APA, and that they were improperly promulgated and are therefore invalid.

Defendant did not comply with the requirements of R.I.Gen. Laws § 42–35–3 in the course of promulgating the operational memoranda. Thus, notice was not given of the proposed adoption of the operational memoranda and no opportunity was afforded for either written or oral comment and the Department of Corrections was not required to explain in a statement its reasons for adopting the policies which it did. Plaintiffs argue that the operational memoranda are therefore invalid by virtue of R.I.Gen. Laws § 42–35–3(c) which states that "No rule hereafter adopted is valid unless adopted in substantial compliance with this section."

The Due Process claim of the Plaintiffs is based upon the failure to properly promulgate rules without public notice and hearings, effectively excluding them and others from participation in the rule-making proceedings. They also allege that the day-to-day enforcement of these invalid rules is a continuing violation of their Fourteenth Amendment rights. Plaintiffs specifically note in their complaint, in their brief and at oral argument that they are not challenging the constitutional validity of any specific operational memorandum. It is only the exclusion from the promulgation process and the subsequent enforcement of invalidly promulgated rules which is challenged as a violation of Plaintiffs' due process rights.

The Rhode Island state courts have not interpreted the term "rule" as defined in R.I.Gen. Laws § 42–35–1(g). In addition, the language of the Rhode Island APA differs from the language of the Federal APA, 5 U.S.C. § 551 (1976). There is, therefore, no federal precedent to follow in interpreting the definition of "rule."

The dispositive issue in this action is the determination whether the operational memoranda are rules and subject to the notice and hearing requirements of Rhode Island law. The only disputed issue in this action is an issue of state law. Plaintiffs cannot establish their constitutional claim, if they have a constitutional claim,[1] without a determination by this Court that the "Operational Memoranda" are rules under the Rhode Island APA.

The Rhode Island APA applies to all administrative agencies within the State. The notice and hearing requirements of § 42–35–3 apply to any rules promulgated by an agency under the Rhode Island APA. The determination of what constitutes a rule will have a significant impact on all state agency procedures.

Federal courts should decline to interpret state law "when the challenged state statute is susceptible of 'a construction by the state courts that would avoid or modify the [federal] constitutional question.' *Harrison v. N.A.A.C.P.*, 360 U.S. 167 [79 S.Ct. 1025, 3 L.Ed.2d 1152]." *Lake Carrier's Association v. MacMullan*, 406 U.S. 498, 510, 92 S.Ct. 1749, 1757, 32 L.Ed.2d 257 (1972). A State court determination will indeed "avoid or modify" the constitutional question in this case. If these operational memoranda are determined to be rules, Plaintiffs will succeed on their claim, not by virtue of a constitutional violation, but per force of the statute itself. If the memoranda are not rules, Plaintiffs' constitutional claims also fail, as there was no invalid promulgation or improper enforcement of invalid rules.

Because the issue of whether these Operational Memoranda are rules is the sole

---

1. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Casey v. DePetril-lo,* 697 F.2d 22 at 23 (1st Cir.1983) (*per curiam*).

and decisive legal issue in this action, the term has not been construed by a state court, and the application of the term has pervasive application to all Rhode Island agency practice, certification of this question to the Rhode Island Supreme Court is appropriate. Principles of comity, equity and deference direct this court to request the Rhode Island Supreme Court to make this determination. *See Diaz Gonzalez v. Colon Gonzalez,* 536 F.2d 453 (1st Cir.1976); *D'Ambra v. United States,* 518 F.2d 275 (1st Cir.1975).

The State of Rhode Island provides for certification of questions of state law to the Rhode Island Supreme Court in Rule 6 of the Rules of Appellate Procedure, Rhode Island Supreme Court Rules (1976).

All proceedings in this action will be stayed pending Certification to the Rhode Island Supreme Court of the following question:

> 1. Are the "Operational Memoranda," copies of which are attached, which were issued by Defendant between May 18, 1981 and April 27, 1982 to Department of Corrections personnel and later filed with the Secretary of State 'rules' within the meaning of the Rhode Island Administrative Procedures Act R.I.Gen. Laws § 42–35–1, subject to the notice and hearing requirements of R.I.Gen. Laws § 42–35–3?

Plaintiffs in their oral argument requested that a temporary restraining order issue during the pendency of any certification proceeding, preventing Defendant's enforcement of any of policies contained in the operational memoranda. In *Catrone v. Mass. State Racing Commission,* 535 F.2d 669, 672 (1st Cir.1976), such an order issued, but Defendant in that case merely had to allow plaintiff admission to the Suffolk Downs racetrack. Here Defendants would have to issue new policies, or attempt to govern the ACI without such policies. Such a result is not practical, would dangerously hamper the Defendant who must continue the operations of the ACI throughout these proceedings, is contrary to the public interest and is not necessary because it is con-

ceded that even if the memoranda are found to be invalidly promulgated, they do not violate Plaintiffs' constitutional rights in their day to day application.

Upon receipt of the opinion of the Supreme Court of the State of Rhode Island, this Court will determine the action now pending in accord with that decision.

The parties will prepare and submit to this Court a form of Order certifying the above question in accord with the provisions of Rule 6 of the Rules of Appellate Procedure of the Supreme Court of Rhode Island, within ten days hereof.

SO ORDERED.