William JONES, German Poe, Jeanette Poe by her next friend German Poe, Gloria Coe, Francisco Noe, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Otis BOWEN, Secretary of Health and Human Services, Defendant.

No. 87 C 7419.

United States District Court, N.D. Illinois, E.D.

July 21, 1988.

Joseph A. Antolin, Jeffrey Gilbert, Guadalupe J. Preston, Alicia Alvarez, Legal Assistance Foundation, Chicago, Ill., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., Sheila Lieber, Felicia L. Chambers, U.S. Dept. of Justice, Federal Programs Branch, Civil Div., Washington, D.C., Anton R. Valukas, U.S. Atty., Eileen J. Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiffs filed this action against Otis Bowen, M.D., Secretary of Health and Human Services on behalf of workers (and their dependents and survivors) who were or will be denied original social security numbers ("SSNs"), new SSNs or duplicate cards without notice or the opportunity to contest the denial. Federal jurisdiction is asserted under 28 U.S.C. § 1361, 42 U.S.C. § 405(g) and the Due Process Clause of the Fifth Amendment of the United States Constitution. Plaintiffs currently move to certify the class pursuant to Fed.R.Civ.P. 23. For the reasons that follow, plaintiffs' motion is granted.

## BACKGROUND

Three aliens [1] and two alleged United States citizens [2] filed this case on behalf of a purported class that is defined as follows:

---

1. German Poe is an alien who requested a different SSN in January 1985 to correct a scrambled account. His request was orally denied.

Gloria Coe, an alien, applied for an SSN in April 1987. Her request was orally denied.

Francisco Noe, an alien, requested a duplicate social security card in September 1986 to re-place the one he had lost. He was orally denied the issuance of a new card.

2. William Jones is a United States citizen who lost his social security card and was denied a duplicate card in 1986. He subsequently was issued a new card.

All persons and the dependents and survivors of persons (as "dependents" and "survivors" are defined in 20 C.F.R. § 494.330 *et seq.*) who:

a. are residing, have resided, or will reside in Illinois, Indiana, Michigan, Minnesota, Ohio and Wisconsin since June 1, 1982; and

b. are applying, have applied, or will apply for an initial SSN, a duplicate card, or a different SSN to correct a scrambled account; and

c. are being denied, have been denied, or will be denied initial SSNs duplicate social security cards, or different SSNs to correct a scrambled account.

Complaint ¶ 5. Applicants were denied original SSNs, new SSNs, or duplicate social security cards without notice or a hearing.

The Secretary of Health and Human Services (the "Secretary") administers the social security program pursuant to the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.* The Act directs the Secretary to assign original SSNs. 42 U.S.C. § 405(c)(2)(B)(i). It empowers the Secretary to promulgate rules and regulations necessary to carry out its provisions. 42 U.S.C. § 405(a). Accordingly, the Secretary has issued regulations (the "regulations") governing the assignment of original SSNs, new SSNs and duplicate cards. 20 C.F.R. § 422.103–422.107.

Final decisions of the Secretary are reviewable in the United States District Court. 42 U.S.C. § 405(c)(8). Section 405(g) provides:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision. ...

42 U.S.C. § 405(g).

The complaint alleges that the regulations and the Secretary's policy of administering SSNs and duplicate cards fail to provide notice of the denial of an appli-

cant's request or an opportunity to contest the decision. Because an applicant is never apprised of a final appealable decision, he or she is precluded from filing a civil action under 42 U.S.C. § 405(g) to review the Secretary's determination. Plaintiffs contend that this "no process policy" violates the due process clause of the Fifth Amendment, as well as the Act. They seek injunctive relief to prohibit the Secretary from enforcing the no process policy, to require that he provide written notice of SSN decisions and a hearing to contest denial of SSNs and duplicate cards, and to order him to issue new determinations to class members pursuant to this procedure.

*Discussion*

■ Fed.R.Civ.P. 23 provides that representatives may sue on behalf of a class if (1) class members are so numerous that joinder of all members is impracticable; (2) questions of law or fact are common to the class; (3) claims or defenses of the representatives are typical to those of class members; and (4) the representatives will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). Additionally, the court must find that (1) the prosecution of separate actions by individual class members would create inconsistent adjudications or impair the ability of other members to protect their interests; (2) the opposing party has acted or refused to act on grounds generally applicable to the class; or (3) common questions of law or fact predominate. Fed.R.Civ.P. 23(b). The party seeking class certification bears the burden of demonstrating that certification is proper. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984).

I. Requirements of Fed.R.Civ.P. 23(a)

1. Numerosity

■ A proposed class must be so numerous that joinder of all members is impracticable. The complaint need not allege the exact number or identity of class members. 1 Newberg, Newberg on Class Ac-

---

Jeanette Poe, the daughter of German Poe, is a United States citizen whose benefits were suspended for approximately two months in 1985 as a result of her father's scrambled account.

tions ¶ 3.05 (2d ed. 1985). The court is entitled to make common sense assumptions in order to support a finding of numerosity. *Grossman v. Waste Management, Inc.,* 100 F.R.D. 781, 785 (N.D.Ill. 1984). In addition to estimating the number of class members, the court considers judicial economy and the ability of the members to institute individual suits. *Tenants Associated for a Better Spaulding v. HUD,* 97 F.R.D. 726, 729 (N.D.Ill.1983).

The named plaintiffs reason that "a substantial number of people must be within the group of applicants who were denied an SSN without a hearing." Plaintiffs' Memorandum at 5. Although the Secretary does not keep records of the number of SSNs that are denied, he advised plaintiffs that approximately 13,805,995 applications have been processed from August, 1982 to the present. Plaintiffs suggest that if one of every ten thousand applicants is denied, the class would include approximately 1,380 members. *Id.* at 5–6. They argue that judicial economy and the inability of class members to pursue their claims individually further support a finding that class members are sufficiently numerous. *Id.* at 7.

The Secretary argues that the class is not precisely defined and that it is overbroad. Because the named representatives are all Illinois residents, he contends that a class that also includes Indiana, Michigan, Minnesota, Ohio and Wisconsin residents is overbroad. Defendant's Memorandum at 11. Further, the proposed class is not limited to those individuals who fulfilled the requirements necessary for the issuance of an SSN or a duplicate card, were denied an SSN or duplicate card and have not yet obtained one. *Id.* at 12. Finally, the Secretary maintains that the class cannot include

the dependents and survivors of SSN applicants because their benefits are not necessarily affected by the denial of the applicant's request for an SSN. *Id.* at 13.

■ The class is sufficiently numerous that joinder would be impractical; plaintiffs' inability to identify the exact size of the class does not preclude certification. As plaintiffs point out, the specific number of SSN applications denied since June 1, 1982 is known only to the Secretary. Through discovery, plaintiffs have obtained information relating to SSN applications submitted in Region V, which includes Illinois, Indiana, Michigan, Minnesota, Ohio and Wisconsin. The certification of a class of persons who reside or will reside in Region V is appropriate in an action challenging a particular HHS procedure.[3] *See Mental Health Ass'n. of Minnesota v. Heckler,* 720 F.2d 965, 966–67 (8th Cir. 1983). Fed.R.Civ.P. 23 does not limit the geographical scope of a class action that is otherwise in conformity with the Rule.[4] *Califano v. Yamasaki,* 442 U.S. 682, 702, 99 S.Ct. 2545, 2558, 61 L.Ed.2d 176 (1978). Because the injunctive relief sought would be no less burdensome if the class were restricted to Illinois residents, judicial economy favors a single resolution of these claims.

■ Joinder is impracticable in this case because the purported class includes future claimants who "are applying . . . or will apply for an initial SSN, a duplicate card, or a different SSN" and whose applications "are being denied . . . or will be denied." These individuals are unknown and unidentifiable. Their inclusion in a class action for declaratory or injunctive relief is appropriate. *See Tonya K. v. Chicago Board of Education,* 551 F.Supp. 1107, 1109 (N.D.Ill. 1982) (a class action seeking only declarato-

---

**3.** To the extent that the named representatives, residents of Illinois, do not adequately represent the interests of class members who are residents of other states, the appropriate remedy is to select different or additional representatives rather than to deny certification.

**4.** A nationwide class is not inconsistent with principles of equity jurisprudence because the scope of injunctive relief is dictated by the extent of the violation established rather than by

the geographical extent of the plaintiff class. *Califano v. Yamasaki,* 442 U.S. 682, 702, 99 S.Ct. 2545, 2558, 61 L.Ed.2d 176 (1979) (noting that the limitations on class size associated with Fed.R.Civ.P. 23(b)(3) do not apply directly to a class certified under Fed.R.Civ.P. 23(b)(2)). The size of the class does not necessarily mean that the relief afforded the class will be more burdensome than necessary to redress the complaining parties. *Id.*

ry or injunctive relief as an appropriate relief mechanism for conduct likely to cause future injuries similar to those suffered contemporaneously); *Gomez v. Illinois State Board of Educ.*, 117 F.R.D. 394, 399 (N.D.Ill.1987). Accordingly, the numerosity requirement of Rule 23 is satisfied.

### 2. Commonality

■ The party seeking class certification must further demonstrate that there is at least one question of law or fact common to the class. Fed.R.Civ.P. 23(a)(2); *Gomez, supra,* 117 F.R.D. at 399. Where a question of law refers to standardized conduct of the defendant toward members of the proposed class, commonality is usually met. *Franklin v. City of Chicago*, 102 F.R.D. 944, 947 (N.D.Ill.1984). Differences in individual cases concerning damages or treatment will not defeat commonality. *Tonya K., supra,* 551 F.Supp. at 1110.

■ The class members in this action each raise a common legal question: whether the Secretary must provide written decisions and hearings to persons who are denied SSNs or duplicate cards. It is the review procedure—or lack of a procedure—that is at issue here, not the particular reasons for the denial of plaintiffs' applications. There is no merit to the Secretary's argument that this litigation requires a separate factual inquiry into the circumstances of each claim. The absence of a review procedure to permit applicants to challenge the denial of an SSN impacts upon all unsuccessful applicants and constitutes a policy or standardized conduct toward the plaintiff class. Accordingly, the requirement of commonality is met.

### 3. Typicality

In order to certify a class, the claims or defenses of the representative parties must be typical of the claims or defenses of the class. Fed.R.Civ.P. 23(a)(3). The court must determine whether the named representatives' claims have the same essential characteristics as the claims of other members of the class. *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983). A representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and ... [is] based on the same legal theory." Newberg, Newberg on Class Actions § 1115(b) (1st ed. 1977). The similarity of legal theory may control even where there are factual differences between the claims of the named representatives. *De La Fuente, supra,* 713 F.2d at 232.

The Secretary argues that despite common issues of law or fact between class members and the representatives, the particular factual circumstances of each representative preclude them from satisfying the typicality requirement. Defendant's Memorandum at 14–15. Class members present a variety of factual scenarios: some are direct applicants for SSNs, others are dependents; some seek initial SSNs, others merely seek duplicate cards, etc. Accordingly, defendant argues, no single plaintiff's circumstances are typical of the entire class.

Each class member asserts a claim that arises from the same course of conduct and is based on the same legal theory. The focus of the litigation is the fact that all members were denied SSNs or duplicate cards without written notice or the opportunity to contest the determination; the particular reason why each claim was denied does not destroy typicality. The issue is each member's right to a procedure to contest the denial of an SSN—not his or her right to the SSN itself. After the common question of entitlement to a review procedure is resolved, questions concerning each applicant's right to an SSN may be resolved separately through the implementation of this procedure. The typicality element is therefore satisfied.

### 4. Adequacy of Representation

■ To determine whether the named plaintiffs adequately represent the interests of the class, the court examines two factors: (1) whether there exist any conflicts of interest between the representatives and the rest of the class members, and (2) whether the named plaintiffs' coun-

sel will adequately protect the interests of the class. 1 Newberg, Newberg on Class Actions § 3.22 at 198 (2d ed. 1985); *Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir.1986).

### A. *Adequacy of the Named Representatives*

The named representatives of a class must be members of the class at the time of certification. *Davis v. Ball Memorial Hospital, Inc.,* 753 F.2d 1410, 1420 (7th Cir.1985). Here, two of the named representatives—William Jones and Jeanette Poe—have admitted that their injury was cured prior to this litigation. *See supra* note 2. These plaintiffs cannot be expected to represent the interests of the class as vigorously as those who currently seek SSNs or duplicate cards. Accordingly, the class description shall be redefined to include only those individuals who have not yet obtained the SSN or duplicate card that they sought.[5] Jones and Poe are disqualified as representative plaintiffs and, therefore, are dismissed.

To the extent that the three remaining representatives were denied SSNs or duplicate cards and have not yet obtained them, they may adequately represent the interests of the absent class members. Their interest in a review procedure to contest the denial of SSNs and duplicate cards is identical to that of every class member. The declaratory and injunctive relief sought will affect the named representatives and all class members equally. Subject to the dismissal of the two representatives as set forth above, the named plaintiffs will adequately represent the interests of the class.

### B. *Adequacy of Counsel*

Plaintiffs are represented by the Legal Assistance Foundation of Chicago. This organization has prosecuted a number of class actions in this circuit and its attorneys have been deemed "experts in class actions and Social Security law." *Marcus*

*v. Heckler,* 620 F.Supp. 1218, 1224 (N.D.Ill. 1985); *see also Wright v. Califano,* 587 F.2d 345 (7th Cir.1978). Past performance suggests that these attorneys will provide adequate counsel in this case. *Gomez, supra,* 117 F.R.D. at 401. Therefore, the requirements of Fed.R.Civ.P. 23(a)(4) are satisfied.

### II. Requirements of Fed.R.Civ.P. 23(b)

In addition to the prerequisites of subdivision (a), a class action must satisfy at least one of the requirements of subdivision (b) of Fed.R.Civ.P. 23. Plaintiffs assert that the Secretary "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole" in compliance with Fed.R.Civ. P. 23(b)(2). Plaintiffs' Memorandum at 10–11.

Section (b)(2) contains two requirements. First, the party opposing the class must have acted or refused to act on "grounds generally applicable to the class." Second, final injunctive relief or declaratory relief must be appropriate. Both requirements are satisfied in this case.

By adopting and implementing a "no process" policy for denying applications for SSNs or duplicate cards, the Secretary has refused to act on grounds generally applicable to the class. Further, final injunctive and declaratory relief is appropriate in this case. Plaintiffs request a declaration that the Secretary's no process policy violates the Social Security Act and the Due Process Clause of the Fifth Amendment. They seek an injunction that prohibits the Secretary from enforcing the no process policy and orders him to subject denials of SSNs and duplicate cards to the administrative appeals process set forth in the regulations. *See* 20 C.F.R. §§ 404.902 *et seq.,* 416.1402 *et seq.* If the no process policy is declared unlawful, final injunctive relief will be appropriate. Accordingly, the pro-

---

**5.** The court has the discretion to redefine a class to ensure compliance with the strictures of Fed. R.Civ.P. 23. *See* 7A Wright, Miller & Kane,

Federal Practice and Procedure: Civil 2d § 1760 at 128 (1986).

posed class meets the requirements of Fed. R.Civ.P. 23(b)(2).

### Conclusion

For the reasons stated above, the following class is certified pursuant to Fed.R.Civ. P. 23(a) and (b)(2):

All persons and the dependents and survivors (as defined in 20 C.F.R. § 494.330 *et seq.*) of persons who:

a. are residing, have resided, or will reside in Illinois, Indiana, Michigan, Minnesota, Ohio and Wisconsin subsequent to June 1, 1982; and

b. are applying, have applied, or will apply for an initial SSN, a duplicate card, or a different SSN to correct a scrambled account; and

c. are being denied, have been denied, or will be denied initial SSNs, duplicate social security cards, or different SSNs to correct a scrambled account; and

d. have not subsequently obtained original SSNs, new SSNs or duplicate cards.

Plaintiffs William Jones and Jeanette Poe are disqualified as representative plaintiffs and, therefore, are dismissed.