Faye CURTIS, Plaintiff,

v.

COMMISSIONER, MAINE DEPART-
MENT OF HUMAN SERVICES,
Defendant.

Civ. No. 94–332–P–C.

United States District Court,
D. Maine.

Dec. 21, 1994.

Jack B. Comart, Pine Tree Legal Assistance, Augusta, ME, for plaintiff.

Christopher Leighton, Human Services Div., Augusta, ME, for defendant.

### DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

GENE CARTER, Chief Judge.

Plaintiff has filed a motion for class certification in this action seeking to represent a class comprised of individuals who have been, or may be, wrongfully denied food stamps. Specifically, Plaintiff alleges that Defendant's policy unlawfully extends the food stamp disqualification period beyond that permitted by federal law. The class is defined as:

All past, current and/or future Food Stamp recipients in the State of Maine who since October, 1993 have been denied Food Stamps pursuant to the Defendant's policy of beginning any Food Stamp disqualification period from the point when the individual reapplies for and is determined eligible to receive benefits rather than begin-

ning the disqualification period immediately upon the rendering of the determination that a person has committed an intentional program violation.

Complaint (Docket No. 1) at 2.

■ Plaintiff bears the burden of establishing her right to maintain a class action under Rule 23. *Wilcox v. Petit*, 117 F.R.D. 314, 316 (D.Me.1987). Rule 23(a) contains four prerequisites to maintaining a class action:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). In addition, Plaintiff must meet one of the Rule 23(b) requirements. *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir.1972); *Lessard v. Metropolitan Life Insurance Co.*, 103 F.R.D. 608, 612 (D.Me. 1984). Here, although Defendant does not challenge whether Plaintiff has fulfilled the requirements of subsection (a), the Court will examine whether these prerequisites have been satisfied.

### I. Requirements of Rule 23(a)

#### A. Numerosity

■ The first prerequisite is numerosity. There is no numerical standard as to what size class satisfies the joinder impracticality requirement. Instead, the Court must examine the facts and circumstances of the particular case to determine whether the numerosity requirement has been met. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 131 (1st Cir.1985), *cert. denied*, 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986). Plaintiff alleges that in this case "there are at least 500 Food Stamp recipients in Maine who are class members." Memorandum in Support of Motion for Class Certification (Docket No. 3) at 2. In addition to the estimated number of class members, the Court considers judicial economy and the ability of the members to institute individual suits. The existence of approximately 500

potential plaintiffs would make joinder impracticable and the interests of judicial economy are best served by certification.

### B. Commonality

The Rule also requires that there be common questions of law or fact, but it does not require that all issues of law or fact involved in the dispute be common. *Weiss v. York Hospital,* 745 F.2d 786, 809 (3d Cir. 1984), *cert. denied,* 470 U.S. 1060, 105 S.Ct. 1777, 84 L.Ed.2d 836 (1985). Varying fact patterns may underlie individual claims as long as a common pattern of unlawful conduct by the defendant is directed at class members. At issue here is essentially the same legal question—may the Department of Human Services delay the start of the food stamp disqualification period until the person reapplies for food stamps and is found eligible. Where a question of law refers to standardized conduct of the defendant toward members of the proposed class, commonality is usually met. As this action presents a common legal issue, the Court finds that this certification requirement is met.

### C. Typicality and Adequacy of Representation

The last two elements—typicality of claims and adequacy of representation—have also been shown in this case. The typicality requirement is satisfied because Faye Curtis, the representative Plaintiff, is subject to the same statute and policy as the class members. To determine whether the named plaintiff adequately represents the interests of the class the Court will examine two factors: (1) whether the class representative has any conflicts of interest with respect to the common issues raised on behalf of the class and (2) whether the plaintiff's counsel will vigorously prosecute the litigation on behalf of the class. *See, e.g., Jones v. Bowen,* 121 F.R.D. 344, 349 (N.D.Ill.1988); *Kaminski v. Shawmut Credit Union,* 416 F.Supp. 1119, 1123 (D.Mass.1976). Plaintiff and putative class members share the same alleged legal injury. Thus, Plaintiff's interests are not antagonistic to the interests of the class. Plaintiff also satisfies the second requirement of Rule 23(a)(4). Counsel for Plaintiff is competent to vigorously pursue the claims of both the named and class Plaintiffs. *See e.g., Gomez v. Illinois State Bd. of Educ.,* 117 F.R.D. 394, 401 (N.D.Ill.1987) (vigorous prosecution is rebuttably presumed when the class is represented by competent counsel). Plaintiff is represented by Pine Tree Legal Assistance, this organization has prosecuted a number of class actions in this district and its attorneys have particular expertise in the area of government benefits.

### II. Requirements of Rule 23(b)

Rule 23(b)(2), which governs certification of class actions of the type proposed here, requires that the declaratory and injunctive relief sought must be appropriate to the class as a whole.[1] There are two requirements of 23(b)(2); they are: (1) that the opposing party's conduct is "generally applicable" to the class, and (2) that final injunctive or corresponding declaratory relief must be requested for the class. Here, Defendant's conduct is premised on a ground applicable to the entire class and final injunctive relief is requested. Cases seeking declaratory or injunctive relief regarding government benefits are particularly appropriate for class certification. *See Anderson v. Lyng,* 652 F.Supp. 1237 (M.D.Ala.1987) (certifying class to challenge "voluntary quit" provisions promulgated by state under the Food Stamp Act); *International Union, United Auto. v. Lyng,* 651 F.Supp. 855 (D.D.C.1986) (certifying class to challenge anti-striker provision of the Food Stamp Act); *Chambly v. Freeman,* 478 F.Supp. 1221 (W.D.Mo.1979) (certifying class in action for declaratory and injunctive relief involving policy of not deducting reasonable work-related expenses in determination of need for and amount of AFDC benefits), *aff'd without opinion,* 624 F.2d 1108 (8th Cir.1980), *cert. denied,* 450 U.S. 936, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981). The instant action is well suited for class certification since Defendant's actions have affected,

---

1. Rule 23(b)(2) provides "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

or have the potential to affect, all class members in essentially the same way.

### III. Defendant's Objections to Class Certification

Defendant objects to the class certification on two grounds. First, Defendant alleges that the retroactive relief is barred by the Eleventh Amendment. Specifically, Defendant contends that the requested relief includes improved notice of disqualification and any food stamp coupons which the alleged class members lost through disqualification from the program. Such relief provided to any alleged class members for any period prior to the final order of this case would be retroactive in nature according to Defendant and, therefore, barred by the Eleventh Amendment. Memorandum in Opposition to Plaintiff's Motion for Class Certification (Docket No. 8) at 2.

Defendant relies on *Doucette v. Ives*, 947 F.2d 21 (1st Cir.1991), to support her position. *Doucette* is distinguishable from the instant case because of the source of funds to support the programs at issue in each decision. *Doucette* involved AFDC benefits which are funded jointly by the state and federal government(s). In contrast, benefits payable under the food stamp program are paid for entirely by the federal government. *See* 7 U.S.C. §§ 2011–2030; 7 C.F.R. §§ 2713–2714. Because no state money is paid out through the distribution of food stamp coupons, sovereign immunity is not a bar to relief.[2] Moreover, the Food Stamp Act itself provides:

> In any judicial action arising under this chapter, any food stamp allotments found to have been wrongfully withheld shall be restored only for periods of not more than one year prior to the date of commencement of such action. . . .

7 U.S.C. § 2023(b). Therefore, the retroactive relief requested is not barred by the Eleventh Amendment.

Defendant also alleges that the complexities and costs added to this litigation by class certification are unnecessary. Memorandum in Opposition to Plaintiff's Motion for Class Certification at 2–4. Defendant contends that, assuming the Court orders the requested relief of improved notice to the class members of the disqualification period and further orders that the disqualification period begin upon the finding of an intentional program violation, class certification is unnecessary to provide food stamp recipients with such relief because the relief afforded to Plaintiff will be afforded prospectively to all food stamp recipients. Defendant points to a number of courts that have found a class action inappropriate and unnecessary when the requested relief would inure to the benefit of all proposed members of the class when only a single Plaintiff prevails in the action. *See Davis v. Smith*, 607 F.2d 535, 540 (2d Cir.1978); *Jefferson v. Moran*, 563 F.Supp. 227, 228 (D.R.I.1983); *Denenberg v. Blum*, 93 F.R.D. 131, 133–34 (S.D.N.Y.1982); *Barnes v. Reagen*, 501 F.Supp. 215, 221 n. 20 (N.D.Iowa 1980); *Hernandez v. United Fire Insurance Co.*, 79 F.R.D. 419, 429 n. 8 (N.D.Ill.1978). Each of the cases relied upon by Defendant are distinguishable in that none involved any issue of retroactive benefits or notice relief. In all of the cases cited by Defendant, Plaintiffs sought only prospective relief. However, without class certification, each putative class member would have to bring a separate action to protect his or her right under 7 U.S.C. § 2023(b) for the restoration of wrongfully withheld benefits. Certification of the class is, in this Court's opinion, the most economical and efficient means of accomplishing the members goals.

Accordingly, it is hereby *ORDERED* that Plaintiff's Motion for Class Certification be and it is hereby *GRANTED*.

---

2. In *Foggs v. Block*, 722 F.2d 933, 941 n. 6 (1st Cir.1983), *reversed on other grounds sub nom. Atkins v. Parker*, 472 U.S. 115, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1985), the First Circuit stated:

> The state defendant argues that the district court's order requiring the restoration of bene-

fits violates the Eleventh Amendment's prohibition on the recovery of money damages from the states. Since the cost of the food stamp program is bourne by the federal government, we see no Eleventh Amendment bar to ordering the restoration of benefits.