Michael and Susan RISINGER, on behalf of their minor daughter, Jill RISINGER; Annmarie Fitzpatrick, on behalf of her minor son, Eric Fitzpatrick, all on behalf of themselves and others similarly situated; and The Disability Rights Center of Maine, Inc., Plaintiffs,

v.

Kevin CONCANNON, Commissioner, Maine Department of Human Services; and Lynn Duby, Commissioner, Maine Department of Mental Health and Mental Retardation and Substance Abuse Services, Defendants.

No. Civ. 00–116–B–C.

United States District Court,
D. Maine.

July 2, 2001.

William J. Kayatta, Jr., Margaret Minister O'Keefe, Pierce, Atwood, Portland, ME, Peter M. Rice, Disability Rights Center, Augusta, ME, Patrick Ende, Maine Equal Justice Partners, Augusta, ME, for plaintiffs.

Christopher Leighton, Human Services Division, Augusta, ME, for Commissioner, Maine Department of Human Services.

Christopher Leighton, Human Services Division, Augusta, ME,, Kathleen Ross, AAG, Attorney General's Office, Augusta, ME, for Commissioner, Maine Department of Mental Health and Mental Retardation and Substance Abuse Services.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

In this lawsuit alleging violations of the federal Medicaid Act, 42 U.S.C. §§ 1396 *et seq.*, and 42 U.S.C. § 1983, Plaintiffs, parents suing on behalf of two children allegedly eligible for and enrolled in the Maine Medicaid program, and Disability Rights Center of Maine, Inc., have moved for class certification. *See* Plaintiffs' Motion for Class Certification and Incorporated Memorandum of Law (Doc. No. 11) (hereinafter "Plaintiffs' Motion for Class Certification"). For the reasons that follow, the Court will, after modification of the class description, grant Plaintiffs' Motion for Class Certification.

## BACKGROUND

Plaintiffs, Michael Risinger and Susan Risinger, parents of Jill Risinger, a thirteen-year-old suffering from Angelman's Syndrome; Annmarie Fitzpatrick, parent of Eric Fitzpatrick, a fourteen-year-old suffering from Attention Deficit Hyperactivity Disorder, Post Traumatic Stress Disorder, sensory integration difficulties, speech and language difficulties, a history of abuse and neglect, and fetal alcohol syndrome; and the Disability Rights Center of Maine, Inc. have brought this suit to challenge the alleged failure of Defendants Kevin Concannon, Commissioner of Maine Department of Human Services (hereinafter "DHS"), and Lynn Duby, Commissioner of Maine Department of Mental Health and Mental Retardation and Substance Abuse Services (hereinafter "DMHMRSAS"), to arrange for and to provide timely, adequate, and reliable screening, case management, and in-home mental health services to children eligible for such services under the Early and Periodic Screening, Diagnosis and Treatment (hereinafter "EPSDT") provisions of the federal Medicaid Act, 42 U.S.C. §§ 1396a(a)(43),

1396d(a)(4)(B), 1396d(r). *See* First Amended Complaint for Injunctive and Declaratory Relief (Docket No. 2) at 15–17. This challenge consists of three counts. First, Plaintiffs allege that Defendants have violated 42 U.S.C. §§ 1396a(a)(30), 1396a(a)(43), 1396d(a)(4)(B), 1396d(r)(5), and 42 C.F.R. § 441.61(b) by failing to provide EPSDT screening, case management, and in-home treatment services, as well as by failing to adopt policies, practices, and procedures to ensure the availability of adequate services and the variety of qualified individual and group providers necessary to ensure such services. Second, Plaintiffs allege that Defendants have failed to provide EPSDT screening, treatment, and in-home services in a timely and reliable manner as required by 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 441.56(e). Third, Plaintiffs assert that these failings deprive them of their federal rights, in violation of 42 U.S.C. § 1983. Plaintiffs seek declaratory and injunctive relief against Defendants' current policies, practices, and procedures, and they also ask the Court to order periodic monitoring of Defendants' provision of the challenged services and to award them reasonable attorneys' fees and costs.

Plaintiffs originally moved for certification under Rule 23(b)(2) to file suit on behalf of the following class:

> All current or future recipients of Medicaid in the State of Maine who are under the age of twenty-one (21), who have a mental impairment, and for whom the State of Maine is failing to provide medically necessary in-home mental health services as and to the extent required in order to correct or ameliorate the mental impairment.

Plaintiffs' Motion for Class Certification at 1. Defendants opposed the certification of this class.

After consideration of the parties' briefs, the Court held oral argument on the issue of class certification. At the oral argument, the Court and counsel discussed a modified class definition. Plaintiffs' proposed class for certification under Rule 23(b)(2) is now defined as:

> All current or future recipients of Medicaid in the state of Maine who are under the age of twenty-one (21) years (who do not "opt out" of their entitlement to in-house health services) who are not receiving or will not timely receive in-home mental health services under the Early and Periodic Screening, Diagnosis and Treatment provisions of the Federal Medicaid Act, 42 U.S.C. §§ 1396a(a)(43), 1396d(a)(4)(B), 1396d(r)(5), in compliance with those provisions and those of 42 U.S.C. § 1396a(a)(30) and 42 C.F.R. § 441.61b, and who are otherwise eligible to receive such services, due to the failure of Defendants to arrange for and provide: (1) a timely, adequate, and reliable screening process to determine eligibility for such services; (2) case management procedures effective to secure timely and adequate provision of such services to them once determined to be eligible; or (3) the delivery of prescribed services.

Defendants continue to press their objections to this new proposed class definition, but have not raised any additional arguments to the redefined class.

## DISCUSSION

Federal Rule of Civil Procedure 23 sets forth a two-part analysis for determining whether to allow a member or members of a class to sue as representative parties on behalf of the class. First, the named plaintiffs and the proposed class must satisfy all four prerequisites of Rule 23(a): numerosity/joinder impracticability; commonality of questions of law or fact; typicality of the claims and defenses filed by the representative parties; and adequacy of representation. *See* Fed.R.Civ.P. 23(a). Second, a party must satisfy one of the requirements of Rule 23(b). In the instant case, Plaintiffs have moved for certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Plaintiffs bear the burden of establishing the fulfillment of these requirements. *See Curtis v. Comm'r. Maine Dep't. of Human Servs.*, 159 F.R.D. 339, 340 (D.Me.1994).

## A. Numerosity/Joinder Impracticability

Rule 23 requires that a class be "so numerous that joinder of all members is impracticable." FED.R.CIV.P. 23(a)(1). Plaintiffs argue that the proposed class satisfies this numerosity requirement, offering the Court evidence of Defendants' own estimation that as of September 2000, Defendants had placed over 500 children eligible for in-home services on waiting lists for these services. *See* Maine Department of Human Services Dep. (Christopher Nolan, designee) at 101–02, Plaintiffs' Motion for Class Certification, Tab 12. In addition, Plaintiffs assert that because many members of the proposed class have either not been placed on this list or are receiving inadequate services, Defendants' estimate actually underestimates the number of children encompassed by the proposed class. Plaintiffs aver that the proposed class is "fluid and growing," and argue that a number of over 500 class members is too great to allow for reasonable joinder of all individual class members, particularly in light of the class's geographic distribution throughout the state of Maine and the financial hurdles to the class members' individual participation. Defendants dispute Plaintiffs' characterization of the class as "fluid and growing," and they offer exhibits in support of their assertion that the number of children on the waiting list for case management services has decreased in size to 391 youths. *See* O'Brien Aff. ¶ 2, Objection to Motion for Class Certification and Memorandum of Law (Doc. No. 13) (hereinafter "Defendants' Objection to Class Certification"), Ex. A. Plaintiffs retort that Defendants' estimate includes only those children who have been screened and placed on waiting lists and that it, therefore, fails to include those children who have yet to be screened or who currently receive inadequate services.

The Court finds that the proposed class satisfies the numerosity requirement. Whether numerosity/joinder impracticability has been met depends on "the facts and circumstances of the particular case." *Curtis,* 159 F.R.D. at 340. According to Defendants' estimate, at least 391 children are currently waiting for in-home services, and the allegations regarding Defendants' defi-cient screening services suggest that even more Medicaid-eligible children may be in need of such services. The geographic dispersion of these children throughout the state of Maine and the practical difficulties with identifying and formally joining all of these children and their parents persuade the Court that joinder is impracticable under Rule 23(a)(1).

## B. Commonality

Rule 23 also requires that the lawsuit presents "questions of law or fact common to the class." FED.R.CIV.P. 23(a)(2). However, the rule does not require commonality of all questions of law or fact; "[v]arying fact patterns may underlie individual claims as long as a common pattern of unlawful conduct by the defendant is directed at class members." *Curtis,* 159 F.R.D. at 341 (citing *Weiss v. York Hospital,* 745 F.2d 786, 809 (3d Cir. 1984), *cert. denied,* 470 U.S. 1060, 105 S.Ct. 1777 (1985)). *See also Marisol A. v. Giuliani,* 126 F.3d 372, 376–77 (2nd Cir.1997) (affirming district court's certification of class of children in foster care system despite varying reasons for placement and varying alleged injuries among class members).

Plaintiffs maintain that this lawsuit challenges a common pattern by Defendants of failing to provide adequate and timely screening and in-home mental health services for Medicaid-recipient youths who are eligible for such services. Plaintiffs contend that all class members are affected by the unreliability and inadequacy of the system that Defendants currently have in place. Plaintiffs also assert the following factual and legal commonalities: the class members' Medicaid-eligible status and entitlement to EPSDT services; the allegation that Defendants' current provision of services violates the cited provisions of the Medicaid Act; the issue of whether Defendants are complying with the reasonable promptness requirements of the Medicaid Act; and the question of whether Defendants' current provider reimbursement rates impair Maine's ability to meet its obligation to provide necessary and reliable services.

Defendants challenge Plaintiffs' assertion of commonality on two grounds. First, De-

fendants insist that the only common links between the members of the proposed class are the asserted deficiencies of the system and that such links are not enough to satisfy the requirements of Rule 23. Defendants argue that grouping all of the proposed class members together into one category would "undermine[ ] the State's philosophy of regarding each child as a unique individual ... [and] violate[ ] the purpose of the class action statute." Defendants' Objection to Class Certification at 4. Second, Defendants dispute commonality in the requisite standard of care, maintaining that the Medicaid Act defines the State's duty to the proposed class members in terms of the services "available to the 'general population in the geographic area.'" *Id.* at 3 (quoting 42 U.S.C. § 1396a(a)(30)(A)).[1]

The Court finds that this case presents questions of law and fact common to all members of the class. All proposed class members are young people eligible for Medicaid and in-home services as provided for by the Medicaid Act. All proposed class members are alleged to endure delays and deficiencies in the services that they need. For all class members, this injury is allegedly caused by the same practices and policies of Defendants. These allegations raise common questions of law and fact regarding the scope of Defendants' duties under the asserted Medicaid Act provisions, 42 U.S.C. §§ 1396a(a)(8), 1396a(a)(30), 1396a(a)(43), 1396d(a)(4)(B), 1396d(r)(5), and whether Defendants' current policies and practices fulfill these duties. These commonalities are enough to satisfy the requirement of Rule 23(a)(2). *See Curtis,* 159 F.R.D. at 341.

The Court is not persuaded by Defendants' arguments disputing commonality. While the Court does not doubt that different diagnoses require different treatments, Plaintiffs do not challenge the diagnoses of the class members, the methods Defendants use for making these diagnoses, or the corresponding treatment plans, and they have represented that they will not do so in this case.[2] Instead, Plaintiffs challenge the timeliness and adequacy of Defendants' system of screening, diagnosis, and delivery of prescribed in-home mental health services. Although the Court initially had some concerns over whether Plaintiff's proposed class would require the Court's determination of individual eligibility issues, Plaintiffs have satisfied the Court that this lawsuit will not require the Court to make individualized determinations of eligibility or to evaluate the clinical appropriateness of individual class members' treatment plans. Defendants insist that the Court will be unable to evaluate the alleged procedural flaws without engaging in such individualized evaluations; however, Defendants have not explained to the Court how its evaluation of the timeliness of Defendants' screening procedures and the timeliness and adequacy of Defendants' delivery of services *that have been prescribed by Defendants* will be inextricably intertwined with an individualized review of each class member's medical and/or psychological assessment. The Court will evaluate Plaintiffs' systemic challenge

---

1. In their Objection to Class Certification, Defendants also argued that the use of the word "mental impairment" defeats the assertion of commonality, suggesting that this term encompasses so many disabilities that the class would lack a "common legal or factual thread that binds all class members together." Defendants' Objection to Class Certification at 3. The modifications made to the proposed class definition obviate the issues raised by the use of the term "mental impairment." Similarly, Defendants' arguments regarding those individuals who choose to opt out of the youth Medicaid system and into the adult Medicaid system before the age of twenty-one have been resolved by the modifications to the class definition.

2. In questioning by the Court at oral argument, Defendants' counsel asserted that there was an actual and adequate administrative grievance procedure for determining challenges to individual eligibility and adequacy of care determinations which is utilized with some frequency. Plaintiffs' counsel so acknowledged.

 It is not yet apparent whether Plaintiffs will challenge the adequacy of any feature of this procedure. If that should occur, however, it is apparent that such challenge can be addressed by the Court within the scope of the request for injunctive relief made by the Plaintiffs without involving the Court in reviewing specific instances of individual determinations of eligibility for services or of the adequacy of treatment plans for individual children.

without engaging in an evaluation of the individualized needs of each class member.[3]

Defendants' argument regarding varying geographic standards of care is problematic on several levels. First, Defendants' quotation of the standard of care set forth in 42 U.S.C.A. § 1396a(30)(A) fails to include the complete text of the statute. Without ruling on the applicability of this provision to Plaintiffs' claims, the Court notes that Defendants' recitation of a portion of the last clause of this provision attempts to frame this provision as setting forth a maximum duty to provide care and services to the extent to which they are available to the general population in a geographic area. In fact, the statute appears to set forth only a minimum standard of care by requiring Defendants' methods and procedures to ensure that "care and services are available under the plan *at least* to the extent that such care and services are available to the general population in the geographic area." *Id.* (emphasis added). Given the text of the statute, the Court will not, at this point in the proceedings, decide whether Defendants' required standard of care under the EPSDT provisions of the Medicaid Act varies throughout the State of Maine. Second, while Defendants do explain that they view the term "geographic area" to signify an area smaller than statewide and cite a case in which a district court used a five-county geographic area as a basis for comparison, *see Pennsylvania Pharma-*

cists *Ass'n v. Houston,* 2000 WL 730344 (E.D.Pa.2000), Defendants do not offer a specific definition of a geographic area.[4] Moreover, Defendants have not provided the Court with any data demonstrating that the services available to the non-Medicaid population vary throughout the state of Maine.[5] Finally, Defendants have represented to the Court that their provision of EPSDT services does not vary throughout the state of Maine.

## C. Typicality

Rule 23's typicality provision requires that "the claims or defenses of the parties are typical of the claims or defenses of the class." FED.R.CIV.P. 23(a)(3). Plaintiffs assert that this requirement mandates only that named plaintiffs have a personal interest or personal injury that is linked to the alleged harm deemed common to the class. Plaintiffs' Reply at 6 (citing *Hassine v. Jeffes,* 846 F.2d 169, 177 (3d Cir.1988)). Plaintiffs contend that the policies and practices that Jill Risinger and Eric Fitzpatrick face and that the "risks, vagaries, and inadequacies" that they endure are typical of those faced by the members of the proposed class. Defendants respond that "[t]he typicality requirement embodies the principal that a true representative will litigate in a way that matches the concerns of the class as a whole," Defendants' Objection to Class Certification at 6, and they recite a number of

3. Given the Court's conclusion that common legal questions do exist in this case, Defendants' reliance on *J.B. v. Valdez,* 186 F.3d 1280, 1288–89 (10th Cir.1999) is misplaced. *See id.* at 1288–89 (acknowledging that "commonality requires only a single issue common to the class" but affirming district court's finding that "there is no one statutory or constitutional claim common to all named plaintiffs and all putative class members") (internal quotations omitted). *See, e.g., Marisol A.,* 126 F.3d at 377 (affirming district court's certification of class in which only identified common questions were " 'whether each child has a legal entitlement to the services of which that child is being deprived' " and " 'whether defendants systematically have failed to provide these legally mandated services' ") (quoting district court opinion *Marisol A. v. Giuliani,* 929 F.Supp. 662, 690 (S.D.N.Y.1996)).

4. The Court does not find Defendants' citation of *Pennsylvania Pharmacists Association* particularly instructive on the manner for defining geo-

graphic area. The plaintiffs in that case defined the class to encompass only the five-county region used as a basis for comparison by that court. *See Pennsylvania Pharmacists Ass'n v. Houston,* 2000 WL 730344 at *1. Statewide Medicaid challenges have been certified under Rule 23. *See, e.g., French v. Concannon,* 97–24–B–C, Order Affirming the Recommended Decision of the Magistrate Judge (Doc. No. 40) at 2; *Taylor v. White,* 132 F.R.D. 636, 646–48 (E.D.Pa. 1990).

5. Defendants' documentation indicates that Defendants have divided the state of Maine into three geographic regions for the provision of child Medicaid services. *See* DMHRSAS Children's Services Case Management Wait List Budget Needs, Plaintiffs' Motion for Class Certification, Ex. 13. However, this does not establish the "extent that such care and services are available to the general population in the geographic area," which is the relevant standard under 42 U.S.C. § 1396a(a)(30).

factors that they view as undermining the typicality of Jill Risinger and Eric Fitzpatrick: their unique diagnoses, their location in the same geographic region of Kennebec County, and the fact that they both have the same case manager. Plaintiffs reply that typicality exists in that the claims are traced to a single statute, the challenged conduct that Risinger and Fitzpatrick endure is typical of the conduct faced by the proposed class members, and that, like Risinger and Fitzpatrick, all class members will benefit from an injunction.

"[S]imilar considerations animate analysis" of the commonality and typicality requirements of Rule 23. *Marisol A.*, 126 F.3d at 376. However, while the focus of the commonality requirement is on the connection among class as a whole, the focus of the typicality requirement is on the connection between named plaintiffs and proposed class members. The Court is satisfied that the claims of the named Plaintiffs in the instant case are typical of those of the proposed class. Plaintiffs invoke the same Medicaid Act provisions that are invoked on behalf of all class members, allege that they face the same systemic deficiencies that all class members face, and seek to benefit from the same injunction sought on behalf of all class members. *See, e.g., Curtis*, 159 F.R.D. at 341 ("The typicality requirement is satisfied because ... the representative Plaintiff is subject to the same statute and policy as the class members.").

### D. Adequacy of Representation

■ The adequacy provision of Rule 23 requires that "the representative parties will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a)(4). A court should consider two factors in evaluating the fairness and adequacy of the protection: whether the class representatives have any conflicts of interest with the interests of the class members and "whether the plaintiff's counsel will vigorously prosecute the litigation on behalf of the class." *Curtis*, 159 F.R.D. at 341. Plaintiffs assert that their counsel is experienced and prepared to vigorously prosecute this case on behalf of the class, and they maintain that Jill Risinger

and Erik Fitzpatrick, who will benefit from the same injunction that is intended to benefit all class members, have no conflict of interest with the represented class. Defendants argue that the instant suit is truly intended to benefit providers by increasing their reimbursement rates, and, therefore, no parent or child can serve as an adequate representative. Defendants also contend that Jill Risinger does have a conflict of interest with the class members because she is currently receiving seventy-five hours of service each week and any interruption in her service resulted from her parents' representations to her case worker that Jill was going to be placed outside of her home. *See* Whiting Aff. at 1, Defendants' Objection to Class Certification, Ex. E. Plaintiffs reply to this argument by insisting that, rather than causing a conflict of interest, the fact that Jill Risinger's parents felt driven by the alleged deficiencies in Defendants' policies and practices to consider an out-of-home placement for Jill makes her an ideal candidate to bring this claim on behalf of the class.

The Court finds that Rule 23(a)'s adequacy of representation requirement is met. Plaintiffs' counsel are experienced in class litigation and have represented to the Court that they will capably pursue this litigation on behalf of the class members. *See* O'Keefe Aff., Plaintiffs' Motion for Class Cert., Attach. The possibility that Plaintiffs may view higher reimbursement rates as one of the remedies that would correct the alleged flaws in the provision of Medicaid services to EPSDT-eligible youth does not render current and potential EPSDT providers the true and only beneficiaries of this litigation. Defendants' argument regarding the reason for the alleged gap in Jill Risinger's services raises an unresolved factual issue and addresses the merits of Plaintiffs' allegations. Class certification is not an appropriate mechanism "to conduct a preliminary inquiry into the merits of a suit." *Wilcox v. Petit*, 117 F.R.D. 314, 319 (D.Me.1987) (quoting *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974)). Defendants have not made the Court aware of any other conflict of interest between the named class members and the proposed class. Therefore, the Court finds

that the adequacy of representation requirement of Rule 23(a)(4) is satisfied.

### E. Rule 23(b)(2) Requirement

 Plaintiffs move for certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R.CIV.P. 23(b)(2). Given their goal of obtaining an injunction against alleged system-wide deficiencies, Plaintiffs argue that this case is particularly appropriate for class certification under Rule 23(b)(2). Defendants, on the other hand, insist that the lack of commonality among the Plaintiff class members will require grouping of the class members into subclasses. Defendants, therefore, object to the certification of this class under Rule 23(b)(2) and argue that Rule 23(b)(3), which allows for certification of a class only when a court finds that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for fair and efficient adjudication of the controversy," is more appropriate for the certification of this class.

The Court finds the discussion of the various class action categories in *Allison v. Citgo Petroleum Corporation*, 151 F.3d 402 (5th Cir.1998), instructive to the resolution of this issue. In *Allison*, the Court of Appeals for the Fifth Circuit explained that, while (b)(1) actions involve cases in which a defendant had the same obligation to all class members or all class members have claims against a common fund insufficient to satisfy all of their claims and (b)(2) actions involve "cases where broad, class-wide injunctive or declaratory relief is necessary[,] ... the (b)(3) action was intended to dispose of all cases in which a class action would be convenient and desirable, including those involving large-scale, complex litigation for money damages." *Id.* at 412 (citations omitted). Plaintiffs have moved only to certify the proposed class as a Rule 23(b)(2) class, and the Court finds that Plaintiffs have set forth sufficient allegations regarding the generally applicable conduct of Defendants and the appropriateness of injunctive relief to satisfy this provision. Plaintiffs seek a permanent injunction against Defendants' general policies, practices, and procedures, which, Plaintiffs allege, fail to provide for prompt, reliable, and adequate in-home mental health services. Such allegations make this case an appropriate candidate for Rule 23(b)(2) class certification. *See Id.* at 411; *Curtis*, 159 F.R.D. at 341–42. Plaintiffs do not seek money damages from this suit and, hence, the Court need not consider whether monetary damages predominate or whether the Rule 23(b)(3) requirements have been met.

### CONCLUSION

Plaintiffs have established that their modified proposed class satisfies the requirements of Rule 23. Accordingly, the Court **ORDERS** that Plaintiffs' Motion for Class Certification be, and it is hereby, **GRANTED,** and the Court hereby **CERTIFIES** the Plaintiff Class in this case as follows:

> All current or future recipients of Medicaid in the state of Maine who are under the age of twenty-one (21) years (who do not "opt out" of their entitlement to in-house health services) who are not receiving or will not timely receive in-home mental health services under the Early and Periodic Screening, Diagnosis and Treatment provisions of the Federal Medicaid Act, 42 U.S.C. §§ 1396a(a)(43), 1396d(a)(4)(B), 1396d(r)(5), in compliance with those provisions and those of 42 U.S.C. § 1396a(a)(30) and 42 C.F.R. § 441.61b, and who are otherwise eligible to receive such services, due to the failure of Defendants to arrange for and provide: (1) a timely, adequate, and reliable screening process to determine eligibility for such services; (2) case management procedures effective to secure timely and adequate provision of such services to them once determined to be eligible; or (3) the delivery of prescribed services.