Raul F. **RODRIGUEZ** and Maria Alonso, et al., Plaintiffs,

v.

**BANCO CENTRAL** and/or Banco Central & Economias and/or Banco De Economias, et al., Defendants.

Civ. No. 82–1835(PG).

United States District Court, D. Puerto Rico.

Aug. 22, 1984.

898

Marisa Brugueras, Hato Rey, P.R., Russell A. Del Toro, Francisco López Romo, San Juan, P.R., Alberto F. Tellechea, Orlando, Fla., José A. Axtmayer, Hato Rey, P.R., for plaintiffs.

Wallace Gonzalez Oliver, Lasa, Vicente Jimenez & Escalera, Estación Fernández Juncos, Santurce, P.R., for Banco Central.

Ernesto González Piñero, San Juan, P.R., for codefendant Jorge Palacios.

José A. Andreu García, Hato Rey, P.R., for codefendant Jorge Colón Nevarez.

Roberto L. Córdova, Brown, Newson & Cordova, San Juan, P.R., for Ralph Carlo Miguel Carlo & Floravest Intern. Properties, Inc.

Diana A. de Arbona, Jorge Melendez Vela, José Davison Lampon, Bayamón, P.R., for JC Realty Corp. & Raul Nuñez.

Marcos A. Ramírez, Lavandero, Hato Rey, P.R., for Empresa Financiera, Inc. & First Diversified Investment Corp.

William De La Cruz, Jr., San Juan, P.R., for William de la Cruz.

José A. Andreu García, Manuel E. Andreu García, William Reyes Elias, Hato Rey, P.R., for codefendant Juan Martínez Echevarria & Jorge Colón Nevarez.

Carlos E. Jiménez, Patrick J. Wilson, Hato Rey, P.R., for Fermín Contreras.

Mario M. Oronoz, Hato Rey, P.R., for Ralph & Miguel Carlo & Floravest Intern. Properties, Inc.

Luis Sanchez Betances, Cepeda, Sanchez, Betances & Sifre, Hato Rey, P.R., for Banco Central Corp.

Vincent Philip Nuccio, Tampa, Fla., pro se and for Consultants Exchange, Inc.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This matter is now before us upon plaintiffs' appeal of the Opinion and Order of February 22, 1984, entered by Magistrate Justo Arenas. Defendants have replied to plaintiffs' opposition, and sundry memoranda have been filed with the Court.

The appeal from said Opinion and Order basically involves two areas. First, the Magistrate's concrete rulings concerning defendants' objections to interrogatories propounded by plaintiffs. Second, the determination that discovery is permitted concerning plaintiffs' financial condition. We will first address the latter issue.

In the Order of February 22, 1984, the Magistrate concluded that plaintiffs' financial condition is a proper subject of discovery. Plaintiffs were ordered to answer discovery as to their financial condition on their ability to adequately represent the class.

As in so many other areas involving class actions, the courts have not agreed on the significance of plaintiffs' financial resources as an area for discovery. Nevertheless, an awareness of the interests to be protected may shed light on the necessity to delve into this area in a given case.

■ On a true class action all the members of the class, including those absent, are bound by the judgment. *Dierks v. Thompson*, 414 F.2d 453, 456 (1st Cir. 1969). In view of this binding effect on absent class members, the courts are called to be careful in certifying inadequately resourced plaintiffs as class representatives. Plaintiffs must adequately be able to fund discovery and expert testimony, to resist inadequate settlements that plaintiffs in more exigent circumstances would feel compelled to accept, and to fund those notices *to class* members. The Supreme Court held in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176, 94 S.Ct. 2140, 2151, 40 L.Ed.2d 732 (1974), that individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case, but is an unambiguous requirement of Rule 23.

■ Federal courts have also ruled that unless there is assurance that the action will be prosecuted forthrightly and vigorously, the rights of absent class members will be considered inadequately protected. Thus, the financial condition of representatives is an essential prerequisite. *Klein v. Miller*, 82 F.R.D. 6, 8–9 (N.D.Texas 1978). Accordingly, some courts have held that a plaintiff who is unable to bear the financial burden of a class action cannot be an adequate representative. *P.D.Q. Inc. of Miami v. Nissan Motor Corp. in U.S.A.*, 61 F.R.D. 372, 377 (S.D.Fla.1973); *Hochschuler v. G.D. Searle Co.*, 82 F.R.D. 339, 348 (N.D.Ill.E.D.1978); *Strong v. Ark. Blue Cross and Blue Shield, Inc.*, 87 F.R.D. 496, 510 (E.D.Ark.1980). In view of this, a plaintiffs' principal financial resources have been found to be a proper subject for inquiry. Furthermore, a connection has been established by which the ability to pay the costs of the action has been found to have a direct bearing on how strenuously the action will be prosecuted. *National Auto Brokers Corp. v. General Motors Corp.*, 376 F.Supp. 620, 636 (S.D.N.Y.1974). It has also been determined that in order to adequately and fairly represent the interests of the class, the named plaintiffs must sustain the burden of showing that their resources are adequate to pursue the lawsuit to completion even in the absence of any additional financial contribution from members of the purported class. *Ralston v. Volkswagenwerk, A.G.*, 61 F.R.D. 427, 433 (W.D.Miss.1973).

■ The determination that the party would adequately protect the interests of the class is a question of fact that depends

on the circumstances of each case. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir.1981). Thus, the issue is one which demands a concrete evaluation.

■ Factors to be considered in evaluating the issue are the class number and other variants such as the complexity of litigation. Therefore, the financial capacity is to be taken on a case by case basis. *Guerine v. J. & W. Inv., Inc.*, 544 F.2d 863, 864–865 (5th Cir.1977).

In the instant case, a petition for certification of a class is pending before this Court. The "Motion to Maintain a Class Action", filed with the Court on September 16, 1982, discloses that the alleged class is composed of and for and on behalf of all other persons similarly situated, to wit:

"All purchasers or subscribers of purchase agreements for lots in the Sunrise Projects who relied on the deceitful representations by all co-defendants which induced them to so purchase said lots." Paragraph # 2.

We find that plaintiffs have also alleged limited financial resources as grounds for class certification.

"The individual potential class members are of limited financial resources. Their individual bases and possible recovery is relatively small so as to preclude them from individually litigating the claim asserted herein because of the costs and the expenses involved." Paragraph # 4.

The "Motion to Maintain a Class Action" also discloses that it has been alleged that the claims of named plaintiffs are typical of those other class members (Paragraph 7) and that they will adequately represent the class (Paragraph 8).[1]

■ Considering the nature of the instant case and the specific allegation made by plaintiffs on the limited financial resources, we cannot say that the information requested on the economic capacity will be irrelevant. In view of the foregoing, we find that the issue, as determined by the Magistrate in his Order of February 22, 1984, may be a proper subject for discovery at this stage in the present action.

We proceed to consider the Magistrate's rulings on interrogatories as appealed by plaintiffs, but first we review some basic principles of the law which governs discovery on these matters.

■ In conformity with the recommendations set forth in the *Manual for Complex Litigation*, discovery on the merits should not be allowed to slow discovery on the class action issue. The Manual provides:

An expedite separate schedule for discovery on the class action issue should be established if it appears that discovery will be required to provide the basis for the class determination. It is recommended that no discovery on the merits be permitted during the discovery on the class action issue, except as is relevant to the class action determination.

*Manual for Complex Litigation*, § 1.40, at 24 (5th ed. West Publishing Co. 1981).

■ In the instant action, discovery at this stage has been limited to deal exclusively with the issue of class certification.[2] The Court has an independent obligation to decide whether an action brought on a class basis is to be so maintained.

This is in accordance with subdivision (c)(1) of Rule 23, which provides:

"As soon as practicable after the commencement of the action brought as a class action, the court shall determine by order whether it is so to be maintained." Rule 23(c)(1), Fed.R.Civ.P.

■ The class determination is preferable before substantial discovery on the merits has been conducted. *Karan v. Nabisco*, 78 F.R.D. 388, 396 (W.D.Penn.1978). Therefore, to make early class determination practicable in many cases and to best serve the ends of fairness and efficiency,

---

1. The typicality requirement is to be seen in conjunction with that of adequacy of representation. *Taylor v. Safeway Stores*, 524 F.2d 263, 270 (10th Cir.1975).

2. Status Conference Report of February 10, 1983.

the Court may direct the parties to focus their initial discovery on matters pertaining to class questions. *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir.1977).

However, some discovery must be procured in order to determine whether the action may proceed as a class action, and this is not a matter of ascertaining whether plaintiffs will prevail on the merits, but whether the requirements of Rule 23 are met. *Miller v. Mackey International*, 452 F.2d 424, 427 (5th Cir.1971). The propriety of a class action status can seldom be determined on the basis of the pleadings alone. *Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir.1975); *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir.1974). Discovery prior to certification may be proper, *National Organization for Women v. Sperry Rand*, 88 F.R.D. 272, 276 (D.Conn.1980), since the Court must have before it "sufficient material ... to determine the nature of the allegations, and rule on compliance with the Rule's requirements...." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). But, although there is a recognized need for pre-certification discovery, it is subject to limitations imposed by the Court. *Lewis v. Texaco, Inc.*, 527 F.2d 921, 926 (2d Cir.1975); *Chateau de Ville Prod. v. Tam's-Witmark Music*, 586 F.2d 962, 966 (2d Cir.1978).

In the instant action it is not inappropriate for the Court, at this stage, to limit discovery to the issue of whether the requirements of Rule 23 are met and to determine whether the case may be certified as a class action. This is in compliance with the recommendations set forth in the *Manual for Complex Litigation, supra.*

Therefore, we must determine whether the interrogatories in question are directed to disclose information on any of these extremes or whether they intend to go beyond this scope. Only discovery which would lead to establish the presence of these prerequisites of Rule 23 must be allowed. It is also well settled that discovery which is irrelevant or burdensome should not be allowed during pre-certification stages, and discovery on the merits should not be had prior to the pre-certification issue. *National Organization for Women v. Sperry Rands, supra*, at 277.

In the light of the foregoing principles, we now address these interrogatories seriatim.

In the appeal from the Magistrate's Order of February 22, 1984, the plaintiffs request that the Magistrate's Order be overturned as contrary to law. They further request Banco Central to answer interrogatories [3] 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12 and 13 and the remaining defendants to answer interrogatories 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 23 and 24.

The Magistrate determined that Banco Central was to answer interrogatories 1 and 2; therefore, we need not consider the request as to these two.

Interrogatory # 3 involves the relationship of Banco Central with other defendants. We note that this is a plaintiffs' class action. We fail to find grounds of commonality or numerosity to allow it at this stage.

Interrogatory # 4 requests a description and copies of contracts between defendants; it is not pertinent for the same reasons as the foregoing interrogatory.

Interrogatories # 5 and # 6 also fail to disclose information relative to the class certification issue.

Interrogatory # 7 seeks information concerning all those persons from whom Banco Central has collected monies. The extensive information sought is not pertinent for the certification issue.

Interrogatory # 9 seeks information on the amount of money which the

---

**3.** Plaintiffs submitted two groups of interrogatories, one set to Banco Central and another set to all other defendants.

bank has loaned. It is not pertinent at this stage.

■ Interrogatories # 10 and # 11 seek information on the nature of the property. Both of these cover areas beyond the certification issue.

■ Interrogatory # 12 requests a list of all claims made against the bank arising of the Sunrise projects. Specifically, Sections (a) and (b), which request information on the nature of the claim and the persons making it, have a direct bearing on the issue. Sub-sections (c) and (d) seek information on the factual and legal basis of the claim and of the disposition of the present status. We find that this interrogatory should be and is hereby ORDERED allowed as to subsections (a) and (b).

■ Interrogatory # 13 delves into an area evaluating the merits of the claim. We fail to see any reason to allow it at this stage.

■ Concerning the interrogatories served to all other defendants, plaintiffs request that all other defendants are to answer interrogatory # 1. This request is moot in view that this interrogatory has been ordered to be answered by the United States Magistrate.

■ Interrogatories # 2 and # 3 cover relationship among defendants. This is not relevant to pre-certification discovery in a plaintiffs' class action.

■ Interrogatory # 5 does bear a relationship to the pre-certification issues. We find no need for it to be answered by other defendants than the ones compelled by the Order of February 21, 1984.

■ Interrogatory # 6 seeks information as to what was offered to the purchasers of the lots. We see no need for it being answered by other defendants than the ones compelled to by the order of February 22, 1984.

■ Interrogatory # 8 seeks information as to the time notice that was first given concerning bankruptcy proceedings. This is not pertinent at this stage of pre-certification discovery on the class action issue.

■ Interrogatory # 9 requests information as to the existence of "warranty deeds" for the lots in question. The information is not pertinent at this stage.

■ Interrogatory # 10 seeks a description as to the manner in which the offerings were represented to the purchasers of the lots. This information does not pertain to the class action issue.

■ Interrogatory # 11 seeks information concerning any proceeding initiated against defendants. Although the same may appear to have a relationship to numerosity and commonality requirements, this information really pertains to proceedings other than the instant action.

■ Interrogatory # 12 seeks information concerning the appraised value of the lots and the manner in which such appraisal has been reached. The information does not relate to the issues of commonality or numerosity and is not pertinent at this stage.

■ Interrogatory # 13 seeks information concerning the financial control of the projects. The information may be pertinent at a later stage.

■ Interrogatory # 14 seeks information concerning particular agreements which are not pertinent to determine the class action issues.

■ Interrogatory # 15 requests information concerning disclosure of these persons who have been stockholders of J.C. Investment or any affiliated corporation. We see no need for it to be answered by any other defendants than the ones determined by the United States Magistrate.

■ Interrogatory # 16 seeks information concerning any claims which may exist against some of the defendants and if any settlement has been reached. It is information not pertinent for the pre-certification issue.

■ Interrogatory #17 seeks detailed information related to the financial commitment made by any banking institution backing the Sunrise Projects. This interrogatory is not directed to the class certification issue.

■ Interrogatory #18 prays for information specifying the description of classes and subclasses. It is pertinent information which may relate to the prerequisites of Rule 23. We see no need for any defendants other than the ones determined by the Order of February 22, 1984, to answer this interrogatory.

■ Interrogatory #19 seeks information in the precautions, supervision or similar arts to protect purchasers against fraud. This information is irrelevant at this stage.

■ Interrogatory #22 seeks detailed information as to the projects themselves. This information goes to the merits of the case and is premature at this stage.

■ Interrogatory #23 seeks information on alleged unlawful practices and relates to the merits of the case.

■ Interrogatory #24 seeks financial information which is not pertinent to the class certification issue.

■ The foregoing review of the interrogatories in question reveals that a great number seek information which, although pertinent at a later stage, do not relate to the prerequisites of Rule 23. Thus, we fail to see how the Magistrate's determination has been "clearly erroneous". Issues regarding discovery are usually considered non-dispositive pretrial matters. The decision of a magistrate on a non-dispositive matter, as is the instant one, will only be reversed by a district judge if the magistrate's determination was clearly erroneous or contrary to law. 7 vol. 2, *Moore's Federal Practice*, par. 72.03[2–1] (2d ed.). The standard for review in matters of this nature as explicitly provided in the rules is the "clearly erroneous or contrary to law" test. Rule 72(a), Fed.R.Civ.P.; *U.S. v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir.1980). No showing has been made that the Magistrate's determination has been clearly erroneous or that there has been an abuse of discretion.

Our review reveals that the United States Magistrate has acted within the scope of the law.

WHEREFORE, the Opinion and Order of February 22, 1984, as partly modified, is hereby AFFIRMED.

IT IS SO ORDERED.