On Application for Rehearing
This Court's opinion dated October 29, 1993, is withdrawn, and the following is substituted therefor.
These three mandamus proceedings were consolidated for purposes of oral argument. They arise out of a class action filed in the Barbour Circuit Court on October 2, 1992, asserting claims against Liberty National Life Insurance Company ("Liberty National") concerning cancer insurance policy exchange programs.
 Case Number 1921440
This mandamus proceeding arises because two circuit courts exercised jurisdiction over the same controversy, resulting in an immediate irreconcilable conflict in the orders of two circuit courts. Liberty National petitions this Court to direct the Mobile Circuit Court to transfer the case of Adams v.Liberty National Life Insurance Co. from the Mobile Circuit Court to the Barbour Circuit Court, where the class action was originally filed, or to dismiss, or to stay proceedings in, that Mobile action.
A summary of the facts leading to this mandamus proceeding follows:
In October 1992, Charles Frank Robertson filed a class action in Barbour County, alleging that Liberty National, fraudulently and by misrepresentation, had instituted exchange programs whereby Liberty National offered to replace certain existing cancer insurance policies with new cancer insurance policies. On March 10, 1993, the Barbour Circuit Court certified the class pursuant to A.R.Civ.P. Rule 23(b)(2).
Approximately three weeks after the Barbour Circuit Court certified the class action, Margaret Adair, Elsie T. Adams, and others ("hereinafter the Mobile plaintiffs") filed an action in Mobile County. The complaint in that action expressly acknowledged the prior class certification in the Barbour County action and the definition in the Barbour County action of the class that included the Mobile plaintiffs. However, in the Mobile County action, the complaint stated that the Mobile plaintiffs were seeking to challenge the validity of the Barbour County class certification. The allegations in the Mobile County complaint are virtually identical to those in the Barbour County complaint. Liberty National *Page 867 
filed a motion to dismiss the Mobile County action. The Mobile Circuit Court denied that motion, and Liberty National filed this mandamus petition.
The law on the extraordinary writ of mandamus in Alabama is well settled. A writ of mandamus will be issued only where there is (a) a clear legal right in the petitioner to the order sought, (b) an imperative duty upon the respondent to perform his duty, (c) a lack of another adequate remedy open to the petitioner, and (d) properly invoked jurisdiction of the court.Ex parte Townsend, 589 So.2d 711 (Ala. 1991). Mandamus is an appropriate remedy when there is a clear showing that the trial judge abused his discretion by exercising it in an arbitrary and capricious manner. Ex parte Rogers, 533 So.2d 245
(Ala. 1988).
Liberty National argues that as a result of the assumption by the Mobile Circuit Court of jurisdiction in the Adams case, it is subject to contradictory, conflicting, and inconsistent orders issued by the Barbour Circuit Court in the previously certified class action, on the one hand, and the Mobile Circuit Court in a separate action collaterally attacking the class certification, on the other hand. Liberty National contends that it will apparently be in violation of the orders of one circuit court no matter what action it takes.
The law is clear that the circuit court in which jurisdiction over a controversy is first invoked has exclusive jurisdiction over that controversy until that controversy is concluded, subject only to appellate review. Ex parte Burch, 236 Ala. 662,184 So. 694 (1938).
 "It is uniformly held that where two or more courts have concurrent jurisdiction, the one which first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction, to the final determination of the action and the enforcement of its judgment or decrees. . . .
 ". . . 'It is a familiar principle that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of coordinate authority is at liberty to interfere with its action. . . .'
 ". . . 'All the authorities recognize the importance of carefully preserving the boundary line between courts of concurrent jurisdiction, in order to prevent conflicts, and to preserve in harmony their relations to each other.' "
Ex parte Burch, 236 Ala. 662, 665, 184 So. 694, 697 (1938).
These principles have been restated numerous times:
 "[W]here two courts have equal and concurrent jurisdiction, the court that first commences the exercise of its jurisdiction in a matter has the preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction."
Ex parte State ex rel. Ussery, 285 Ala. 279, 281,231 So.2d 314, 315 (1970); See also Ala. Code 1975, § 6- 5-440.
The Barbour Circuit Court initially exercised jurisdiction over this matter, and it must be permitted to retain jurisdiction without any interference by any other circuit court. It appears from the express language of their complaint and their arguments in the Mobile Circuit Court that the Mobile plaintiffs were attempting to have a second circuit court review the case and reverse the orders of the first circuit court to exercise jurisdiction. Specifically, the Mobile plaintiffs were attempting to attack the Barbour Circuit Court's A.R.Civ.P. Rule 23(b)(2) certification of the class. In view of the class action pending in Barbour County, the Mobile Circuit Court should have dismissed or stayed the action filed by the Mobile plaintiffs. The law does not permit a second circuit court to adjudicate the same controversy that is being litigated in a pending action in another circuit court of competent jurisdiction. The writ of mandamus in case number 1921440 is, therefore, due to be granted.
 Case Number 1921852 and Case Number 1930001
These two petitions each arise from a pending, interlocutory class certification and proposed class action settlement now under *Page 868 
consideration by the Barbour Circuit Court in the case ofCharlie Frank Robertson, et al. v. Liberty National LifeInsurance Company ("the Barbour County case"). A fairness hearing was scheduled in the Barbour County case for November 4, 1993, to allow those opposing the proposed settlement to be heard. Further, the trial court had indicated that during the course of the fairness hearing, it planned to determine whether certain requests by those opposing the settlement for leave to conduct additional discovery should be granted.
The facts leading to these two petitions are as follows:
On June 16, 1993, the Barbour County class and Liberty National reached a settlement; the proposed settlement was preliminarily approved by the Barbour Circuit Court. The Barbour Circuit Court ordered Liberty National to notify the class members of the settlement and of their right to appear and to object to the settlement. A fairness hearing was scheduled for November 4, 1993, to evaluate the fairness of a proposed settlement of this class action, which would affect the rights of approximately 380,000 members of a Rule 23(b)(2) mandatory, non-opt-out class composed of persons having cancer insurance with Liberty National.
On April 30, 1993, Eunice Long, Theda S. Enfinger, and others ("the intervenors") filed motions to intervene in the Barbour County action on their behalf and on the behalf of other plaintiffs in Mobile County who had not filed their claims in Mobile. They also sought discovery in a number of matters related to the propriety of the class certification and the fairness of the proposed settlement.
The trial court conducted a hearing on the discovery requests on July 27, 1993. There is no transcript of this proceeding and no written order granting or denying the intervenors' discovery requests. In an affidavit, the Barbour Circuit Court responded that it had not denied any request for discovery but had simply deferred its ruling on these requests.
The intervenors (who object to the proposed settlement) seek a writ of mandamus directing the Barbour Circuit Court to permit certain discovery, and they also moved for a stay of the November 4 fairness hearing until that discovery can be accomplished. However, the intervenors' request that this Court direct the Barbour Circuit Court to permit certain discovery is premature. In our original opinion of October 29, 1993, we agreed that the November 4, 1993, fairness hearing should be stayed until the Barbour Circuit Court had ruled on the pending discovery requests, and on October 29, 1993, we ordered the Barbour Circuit Court to stay that hearing.
We do not mean to be understood as interfering with the trial court's power to manage its own case. Rather, we conclude only that a ruling on the intervenors' discovery request is necessary to allow the intervenors a meaningful opportunity to be heard at the fairness hearing. It is undeniable that the fairness hearing is intended to be a meaningful evaluation by the Barbour Circuit Court of the merits of the proposed settlement. The need for such an evaluation is especially acute in this case, given the fact that, pursuant to the proposed settlement, parties objecting to the settlement are not permitted to opt-out but are bound by the terms of the settlement.
The petitions for the writ of mandamus in case number 1921852 and case number 1930001 requesting certain discovery are denied; this Court's October 29, 1993, stay of the fairness hearing is continued until the Barbour Circuit Court rules on the pending discovery requests.
 SUMMARY
In case number 1921440, the Mobile Circuit Court is ordered to stay any proceedings pending in that court concerning the cancer insurance policy exchange programs. The petition in case number 1921852 is denied; however, our October 29, 1993, order staying the fairness hearing is continued in effect. The petition in case number 1930001 is denied.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AS TO 1921440, APPLICATION FOR REHEARING GRANTED; STAY OF PROCEEDINGS *Page 869 
ORDERED; PETITION OTHERWISE DENIED; AS TO 1921852, PETITION DENIED; STAY OF FAIRNESS HEARING CONTINUED IN EFFECT; AS TO 1930001, PETITION DENIED.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, STEAGALL and COOK, JJ., concur.