Jady PIPES, Plaintiff,

v.

AMERICAN SECURITY INSURANCE COMPANY, Defendant.

No. CV96–H–206–NE.

United States District Court, N.D. Alabama, Northeastern Division.

Nov. 12, 1996.

Gary L. Aldridge, Aldridge & Associates, Birmingham, AL, Andrew P. Campbell, Charles M. Elmer, Campbell & Waller LLC, Birmingham, AL, for plaintiff.

Rodney R. Cate, James E. Robertson, Jr., Armbrecht Jackson Demouy Crowe Holmes & Reeves, Mobile, AL, for defendant.

## MEMORANDUM OPINION
## AND ORDER

HANCOCK, Senior District Judge.

Presently before the Court is the October 23, 1996 joint motion of the parties to dismiss this putative class action without prejudice. Ordinarily, such a motion would be granted without comment, but the particular circumstances present in this case force the Court to make the following observations, beginning with a description of this case's procedural history.

This action originated with the filing of the complaint in the Circuit Court for Cullman County, Alabama on December 20, 1995. The "class action complaint" alleged claims for fraud, suppression, and violations of Alabama's "Mini–Code," Ala.Code § 5–19–1 *et seq.*, in connection with credit property insurance coverage sold by defendant, and was accompanied by a motion for class certification, filed the same day in the state court. The motion for class certification described a class of all Alabama purchasers of credit property insurance from defendant whose premiums had been allegedly calculated improperly. The motion also stated that the named plaintiff was an adequate class representative and that the action satisfied all of the requirements for certification under Rule 23(b)(1), (b)(2), and (b)(3).

Defendant removed the action to this Court by a notice of removal dated January 25, 1996. A motion to remand from plaintiff soon followed, which was denied by this Court on February 29, 1996. The Court then entered a scheduling order on May 14, 1996, which set forth the schedule for this Court's determination of the class certification issues in this case.

Ten days later, on May 24, 1996, plaintiff's attorney filed another credit property class action in the Circuit Court for Houston County. This action, styled *Mary Caldwell v. AIC Financial Services, Inc. and American Security Insurance Co.*, described a class of plaintiffs identical to that in this case, and alleged similar causes of action for fraud and violations of the Alabama "Mini–Code." Like the complaint in this case, the *Caldwell* complaint was accompanied by a motion for class certification, asking the state court to certify a class under all three subdivisions of Rule 23(b). Without any sort of hearing, and before a copy of the complaint was even served on either defendant, the state court "conditionally" certified a class in the *Caldwell* case on May 28, 1996, four days after it was filed.[1] The state court's order certified the class as requested by the plaintiff, under both 23(b)(2) and (b)(3).

These events in state court prompted the defendant to file a "motion to enjoin state court action" in this Court on June 21, 1996. In that motion, defendant accused plaintiff's attorney of attempting to circumvent and undermine this Court's jurisdiction over this case. Defendant requested that this Court enjoin the *Caldwell* case under the authority of the exceptions contained in the Anti–Injunction Act, 28 U.S.C. § 2283.

A week after defendant filed this motion to enjoin the *Caldwell* case, the parties here jointly moved for a stay of proceedings, informing the Court that they were involved in settlement negotiations. That motion was granted by the Court on July 2, 1996. The parties made two more joint motions to stay these proceedings, again citing settlement negotiations as the reason for the stays. These motions were granted on July 23 and August 30, 1996.

Finally, on October 23, 1996, when plaintiff's response to defendant's motion to enjoin the *Caldwell* case was almost due, the parties filed the instant motion to dismiss this case without prejudice. That motion informed the Court that a settlement had been reached in the *Caldwell* case and that plaintiff wished to participate in that class-wide proposed settlement.

 This turn of events brings the Court to a deep concern over the due process rights being afforded the class members in these actions. It is obvious from the record in this case that the parties have not explored the

---

1. The Court does not understand what a "conditional" class certification is. Apparently, it is the term used by the state court and plaintiff's attorney for a certification order entered without any judicial inquiry into the appropriateness of class certification under Rule 23.

merits of this action in any meaningful way; the case has been stayed for most of its existence. Apparently, the plaintiffs' attorneys think it best to settle quickly. However, in recent years, in the context of class-wide settlements, courts have increasingly become aware of the severe financial conflict of interest between, on the one hand, the class representative and/or class counsel, and, on the other hand, the class members.

■■■ Ordinarily, courts attempt to address such conflicts of interest via Rule 23(e). That rule, whatever its shortcomings, serves to protect absent class members' rights by requiring judicial scrutiny of settlements. However, no amount of judicial scrutiny can serve as the substitute for adequate class representatives and adequate class counsel.

The behavior of Mr. Pipes in this case is totally inconsistent with his self-appointed status as a adequate class representative. He has encouraged and/or allowed his attorneys to abandon this class action and has likewise abandoned his duty to protect the rights of the absent class members. Mr. Pipes' actions strongly suggest that the vital decisions in these cases are actually made by the plaintiffs' attorneys, to whom the "class representatives" in both cases appear to have abdicated all authority.

■■■ When named plaintiffs suffer shortcomings in terms of adequate representation, courts are sometimes inclined to place more emphasis on the adequacy of class counsel. Here, however, Mr. Pipes' lawyers appear to have done little, if anything, to test the merits of this claim. Rather, they have rushed to settle the claim quickly, using the *Caldwell* case as the vehicle. There, without any record of a factual or legal inquiry into the propriety of class certification, and with at most an *ex parte* presentation, the state court issued its "conditional" certification. This course of action is quite troubling, particularly since these cases present fraud claims typically unsuitable for class treatment,[2] and the fact that the state court apparently certified its "conditional" class under Rule 23(b)(2),[3] with no notice or opt out rights. Such avoidance of the judicial inquiry that is so vital to protecting absent class members' due process rights is precisely the opposite of what Rule 23(a)(4) demands.

The conflict of interest problems inherent in class settlements recently led the Third Circuit to conclude that classwide settlements must be scrutinized for the propriety of class certification just as vigorously as a litigation class action would be examined. *See In re GMC Pick-up Truck Prods. Liability Litigation*, 55 F.3d 768, 794 (3d Cir.1995). Here, by contrast, the state court is apparently willing to completely forego any inquiry of the propriety of certification. Perhaps this was why the parties wish to dismiss this action and proceed in a manner that would allow only the state court to evaluate the fairness of the settlement.

After dismissal, this Court cannot control the actions of the state court, or the actions of the attorneys in that forum. The Court simply wishes to note the suspicious nature of these proceedings and the potential vulnerability of the proposed settlement to collateral attack. The Court will, however, treat the joint motion to dismiss as a motion by the parties to dismiss the class allegations in this case, so that Mr. Pipes can then voluntarily dismiss his individual claim in order to participate in the *Caldwell* settlement. No notice to the putative class of such proposal need be given. The motion, as so treated, will be granted by a separate Order. In addition, the June 21, 1996 motion of defendant to enjoin the *Caldwell* case is DENIED AS MOOT.

---

**2.** *Cf. Andrews v. AT & T Co.*, 95 F.3d 1014, 1024–25 (11th Cir.1996) (RICO mail and wire fraud claims are unsuited for class treatment because individual proof of reliance on misrepresentations is required). Fraud claims are almost always poor candidates for class certification because of the individual reliance issues required for recovery and the class members' strong interests in litigating their own individualized claims.

**3.** The Court has no idea how a case with no request for injunctive or declaratory relief can be certified under 23(b)(2), which, by its terms, applies only where "final injunctive relief or corresponding declaratory relief" is sought.