715 So.2d 199 (1997)
Ex parte CITICORP ACCEPTANCE COMPANY, INC.
(Re CITICORP ACCEPTANCE COMPANY, INC. v. Truman L. McILWAIN and Eloise McIlwain).
1951977.
Supreme Court of Alabama.
December 16, 1997.
*201 Sterling G. Culpepper, Jr., David R. Boyd, and Donald R. Jones, Jr., of Balch & Bingham, Montgomery, for petitioner.
Joe R. Whatley, Jr., and Frederick T. Kuykendall III of Cooper, Mitch, Crawford, Kuykendall & Whatley, L.L.C., Birmingham; T. Roe Frazer II, Richard A. Freese, and Leslie E. McFall of Langston, Frazer, Sweet & Freese, P.A., Birmingham; E. Mark Ezell and John Sharbrough of Ezell & Sharbrough, L.L.C., Butler; and William L. Utsey of Utsey, Christopher & Newton, Butler, for respondents.
SEE, Justice.
This mandamus petition arises from a trial court's conditional certification of a class action. Citicorp Acceptance Company, Inc. ("Citicorp"), seeks a writ of mandamus directing the Choctaw Circuit Court to decertify the class. Citicorp contends that the trial court abused its discretion by: (1) basing certification solely on the allegations of the plaintiffs in their amended counterclaim; and (2) certifying the class without first giving notice to Citicorp. We agree with both contentions; therefore, we grant the writ.

I.
In April 1989, Citicorp filed the original complaint against Truman and Eloise McIlwain seeking repayment of the amount owed under a mobile home financing agreement.[1] The McIlwains answered and counterclaimed in January 1990. The counterclaim asserted class allegations based on excessive finance charges arising from the method by which the charges were calculated.[2] In June 1992, Citicorp filed a motion to dismiss the McIlwains' counterclaim. The trial court did not rule on that motion. In fact, no action was taken on the case from June 1992 until the McIlwains filed a second amended counterclaim and motion for class certification, on October 19, 1995.[3] On that same date, before Citicorp had received the amended counterclaim, and without notice to Citicorp, the trial court certified the following class:
"All persons who at any time during the six years prior to the filing of the original Counterclaim, were a party to a loan *202 agreement with Citicorp for the purchase of personal property, had a policy of insurance placed on the collateral securing the loan to Citicorp for whatever reason, and had the amount of their insurance coverage calculated on the sum total of remaining payments or the original purchase price of the mobile home or other personal property rather than the lesser of either the actual outstanding balance due under the loan agreement or the fair market value of the mobile home or personal property."
The trial court named the McIlwains as class representatives.
Citicorp moved the trial court to vacate the class action order and to reconsider the class certification, alleging that the Rule 23(a), Ala. R. Civ. P.,[4] safeguards had been disregarded. Citicorp also moved for dismissal of the amended complaint, with its class allegations, as untimely. The trial court denied both motions and ordered the parties to proceed with discovery. Citicorp filed this petition for a writ of mandamus.

II.
A petition for a writ of mandamus is the proper method for obtaining review of the certification of a class action.[5]Ex parte Blue Cross & Blue Shield, 582 So.2d 469 (Ala.1991). Mandamus review of class certification is available when the party seeking review has demonstrated a compelling reason. Ex parte Green Tree Fin. Corp., 684 So.2d 1302, 1307 (Ala.1996) (citing Ex parte Masonite Corp., 681 So.2d 1068 (Ala.1996)). Citicorp has demonstrated that the McIlwains, who sought the class certification, failed to produce sufficient evidence that the class met the four prerequisites of Rule 23(a), Ala. R. Civ. P., and at least one of the prerequisites of Rule 23(b), Ala. R. Civ. P. See Green Tree, 684 So.2d at 1307 (stating that when the trial court fails to require the plaintiff to meet his burden of proof under Rule 23, a compelling reason for review has been established). Citicorp asserts that the trial court abused its discretion when it certified the class solely on the basis of the McIlwains' pleading, and that this certification improperly shifted the burden of proof to the defendant. Citicorp now finds itself having to produce sufficient evidence to undo the class certification, even though the McIlwains have not satisfied their initial burden to meet the Rule 23 prerequisites.
The McIlwains claim that this conditional certification is in accord with the requirement of Rule 23 that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Ala. R. Civ. P., Rule 23(c)(1). They contend that this Court should promote, not limit, ex parte conditional certification. This, they argue, is compelled by the abatement rule, by which certification of a conditional class prevents another court from certifying a class on the same issues,[6] and by the fact that class certification *203 protects the class by tolling the running of the statutory period of limitations and giving early notice to class members.[7]
While conditional certification of a class action is allowed, simply labeling a class certification as "conditional" does not relieve the trial court of its obligation to conduct a rigorous analysis and to require the plaintiff to carry its burden of proof as to the appropriateness of class treatment under Rule 23(a). Castano v. American Tobacco Co., 84 F.3d 734, 741 (5th Cir.1996).[8] All classes are "conditional" in that they are subject to decertification. As the Court of Appeals for the Third Circuit stated in In re General Motors Corp. Pick-Up Truck Fuel Tank, 55 F.3d 768, 792 n. 14 (3d Cir.1995):
"[C]onditional is actually a term that can be properly applied to all class actions, even those that are certified in the normal process. Under Rule 23(c)(1), the court retains the authority to re-define or decertify the class until the entry of final judgment on the merits. This capacity renders all certification orders conditional until the entry of judgment."
In Castano, based solely on the pleadings before the court, the plaintiffs sought and received certification of a nationwide class of all smokers and nicotine-dependent persons and their families. Although the certification was labeled "conditional," the Court of Appeals for the Fifth Circuit decertified the class, because the district court had failed to consider how variations in state law would affect predominance and superiority, and because the district court's predominance inquiry had not included a consideration of how a trial on the merits would be conducted. Id., 84 F.3d at 742.
The seminal and frequently cited case of General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), demonstrates that class actions may not be approved lightly and that the determination of whether the prerequisites of Rule 23 have been satisfied requires a "rigorous analysis." In Falcon the trial court failed to meet this "rigorous analysis" standard. Falcon, a Mexican-American, sued his employer, General Telephone, making class allegations and contending that he was denied a promotion because, he said, General Telephone's promotion policy operated to disadvantage Mexican-Americans. A federal district court, based on these allegations and without conducting an evidentiary hearing, certified a class consisting of Mexican-American job applicants and employees. The United States Supreme Court held that it was improper to certify such a class based on the mere allegation of discrimination and that no class was properly certifiable unless the party seeking certification specifically demonstrated the Rule 23(a) prerequisites of numerosity, commonality, typicality, and adequacy *204 of representation. Id. The burden of satisfying each of these prerequisites rests solely on the party seeking certification, and the court cannot approve class certification until it has adequate information before it to satisfy each of the prerequisites. Ex parte Blue Cross & Blue Shield, 582 So.2d at 475.
The "rigorous analysis" standard ordinarily requires the trial court to go beyond the bare allegations of the complaint. As the Court of Appeals for the Fifth Circuit stated in Castano, 84 F.3d at 744, "[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." See also, Rodriguez v. Banco Central, 102 F.R.D. 897, 903 (D.P.R. 1984) (stating that examination of the complaint alone will not suffice); King v. Gulf Oil Co., 581 F.2d 1184, 1186 (5th Cir.1978) (stating that "[t]he propriety of class action suits can seldom be determined on the basis of the pleadings alone, and ... it is the duty of the trial court to hold an evidentiary hearing before deciding whether to grant or deny class certification"); and Morrison v. Booth, 763 F.2d 1366, 1371 (11th Cir.1985) (stating that bare allegations do not satisfy the prerequisites of Rule 23).
The McIlwains also contend that the trial court's order in this case is supported by Ex parte Green Tree Financial Corp., 684 So.2d 1302 (Ala.1996), and Ex parte Masonite Corp., 681 So.2d 1068 (Ala.1996). Their reliance on these cases is misplaced. In Green Tree, there was "extensive briefing" and there was argument before the certification hearing. Green Tree, 684 So.2d at 1304. Even so, this Court reversed the class certification, stating that the trial court had "entered an order based upon little or no evidentiary underpinnings" and that "[t]he order merely parrot[ed] the formulaic language of Rule 23(a)." Id. at 1307. This Court did not decertify the class in Masonite, but that class was certified only after discovery, briefing, and a class certification hearing. Masonite, 681 So.2d at 1069.
The pleading relied on in the present case, like that relied on in Green Tree, amounts to bare allegations and fails to offer a sufficient basis for the trial court to certify the class. Reliance solely on the allegations of the plaintiff, where the defendant has not even been notified, does not provide the basis for a "rigorous analysis."
Although the certification order in this case does outline the prerequisites of Rule 23 and does state that each has been met, the trial court: (1) did not test whether the McIlwains could fairly and adequately protect the interest of the classclass representation requires more than having the competence to hire legal counsel;[9] and (2) certified what appears to be a nationwide class without addressing such issues as choice of law and whether the acts of Citicorp were legal in other states. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 818, 105 S.Ct. 2965, 2977-78, 86 L.Ed.2d 628 (1985) (requiring "the state to have significant contact or sufficient aggregation of contacts" to the claims asserted by each plaintiff to ensure that the choice of law was not arbitrary or unfair to the defendant).[10]
*205 A class should not be certified without notice to the defendant, who may be able immediately and definitively to dispute the plaintiff's allegations. As Judge Nelson stated in Brewer v. Campo Electronics Appliances & Computers, Inc., CV 96-N-1172-W at n. 1 (N.D.Ala., Aug. 9, 1996) (unpublished), a case in which he vacated an order that conditionally certified a class without notice having been given to the defendants:
"The practice, apparently adopted by some Alabama judges, of conditionally certifying class actions before service of process and without affording a defendant an opportunity to be heard on the theory that the defendant will later have an opportunity to demonstrate why the class should not have been certified hardly seems consistent with the requirement of Rule 23, Alabama Rules of Civil Procedure, that the proponent of class certification must carry the burden to prove that the requirements of Rule 23 are met. In fact, the practice seems to stand the rule on its head."
See also, Pipes v. American Sec. Ins. Co., 169 F.R.D. 382 (N.D.Ala.1996) (stating that certifying a class without notice having been given to the defendant is "quite troubling" and that conditional certification is "the term used by the state court and plaintiff's attorney for a certification order entered without any judicial inquiry into the appropriateness of class certification under Rule 23").

III.
Because the McIlwains failed to establish the prerequisites of Rule 23(a), and because the trial court improperly certified the class without first giving Citicorp notice, Citicorp has demonstrated a clear legal right to the order decertifying the class.
WRIT GRANTED.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., concur.
ALMON, SHORES, COOK, and BUTTS, JJ., concur in the result.
KENNEDY, J., dissents.
ALMON, Justice (concurring in the result).
I concur with Justice Cook's opinion concurring in the result. I concur with the rule announced today in Ex parte State Mutual Ins. Co., 715 So.2d 207 (Ala.1997), and Ex parte First Nat'l Bank of Jasper, 717 So.2d 342 (Ala.1997)that the first action filed with class allegations should generally take precedence over later-filed actions seeking the same relief on behalf of the same alleged class. I also agree that certification of a class should not take place before notice is given to the defendant and a hearing is conducted, if a hearing is necessary.
I am not sure, however, exactly what is meant by "rigorous analysis." It seems likely that the level of analysis and the requirements of proof or other substantiation of the class allegations will vary from case to case. In the cases announced today, the Court has removed the impetus toward ex parte conditional certifications. In my opinion, any further development of a standard by which certifications should be measured should await a case in which a certification has been ordered or denied after notice has been given, a hearing has been conducted, and the court has issued an order on the merits that is not tainted by the urgency prompted by Ex parte First Nat'l Bank of Jasper, 675 So.2d 348 (Ala.1995), First Nat'l Bank of Jasper v. Crawford, 689 So.2d 43 (Ala.1997), and Ex parte Voyager Guar. Ins. Co., 669 So.2d 198 (Ala.Civ.App.1995).
SHORES, J., concurs.
COOK, Justice (concurring in the result).
I concur in the result. I write specially to discuss briefly the concerns expressed by the respondents, Truman and Eloise McIlwain, regarding filing priority and abatement in class actions.
The practice of "conditionally certifying" classes has become almost routine in this *206 state. In fact, the McIlwains' brief lists no fewer than 23 cases recently commenced in 15 Alabama counties in which such orders have been granted.[11] One of these actions was commenced in 1995; 22 were commenced in 1996. In fact, as this Court has considered this present case, it has had before it no fewer than four other cases involving this precise issue. We have today decided those four other cases. See Ex parte American Bankers Life Assurance Co. of Florida, 715 So.2d 186 (Ala.1997) (conditional certification); Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997) (conditional certification); Ex parte Equity National Life Ins. Co., 715 So.2d 192 (Ala.1997) (conditional certification); and Ex parte Mercury Finance Corp. of Alabama, 715 So.2d 196 (Ala.1997) (conditional certification).
I cannot state more succinctly the concerns expressed by the McIlwains than by quoting their brief directly:
"[T]he conditional certification procedure is mandated by the abatement rule adopted by this Court in Ex parte [First Nat'l] Bank of Jasper, [675 So.2d 348 (Ala. 1995) (`FNB of Jasper I')]. Under [FNB of Jasper I], when any trial court issues an order of class certification, it abates all other class action proceedings involving the same claims. If a trial court does not certify a case promptly, then another trial court may certify the same claims and abate the proceeding in the initial trial court. It is no coincidence that the Court of Civil Appeals decision in [Ex parte Voyager Guaranty Insurance Co., 669 So.2d 198 (Ala.Civ.App.1995),] came only a few months after this Court's decision in [FNB of Jasper I]. A prompt certification order is needed to protect the jurisdiction of the trial court while it engages in the ongoing assessment of whether it will enter a final judgment with a certified class. The lack of a conditional certification procedure would invite a `race for justice' where class discovery and class certification evidentiary hearings would be conducted in multiple courts until one issues an order of certification.

"[Since FNB of Jasper I], trial courts throughout this state have followed the conditional certification procedure to protect their jurisdiction. ... This Court should remember that in Alabama, there is no procedure for coordinating related litigation in various Circuits of the State. Compare the Multi-District Litigation Procedure in the federal system. Instead, [this state] has applied the abatement rule that the Legislature has mandated by statute. Conditional certification is a simple and efficient mechanism that is used to implement the abatement rule and to avoid duplicative class litigation."
Brief of Respondents in Opposition to Petition for Writ of Mandamus, at 17-18 (emphasis added). Significantly, the McIlwains also recognized that "[i]f this Court were to consider eliminating the discretion of trial courts to grant conditional certification, then it should also consider whether the abatement rule of [FNB of Jasper I] should be modified."
That is precisely what we have done. In Ex parte State Mutual Ins. Co., 715 So.2d 207 (Ala.1997), we have today overruled FNB of Jasper I. In doing so, we eliminated the conditions that resulted in the "race for justice," of which the McIlwains complain. See also Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997), also decided today, in which we discuss more fully the implications of the abrogation of the FNB of Jasper I rule for the issues involved in this case.
Henceforth, trial courts are to return to the rule applied in Ex parte Liberty National Life Insurance Co., 631 So.2d 865 (Ala. 1993). Under that rule, the first court in which a complaint containing class allegations is filed has exclusive jurisdiction of the action until that court affirmatively decides whether or not a class certification is proper. *207 In Ex parte First National Bank of Jasper we explained:
"This is the rule that should have been applied in FNB of Jasper I .... Its application in class-action cases will obviate the needreal or perceivedfor ex parte or conditional certification as a means of protecting jurisdiction. This is so, because, under this rule, a first-filed case containing class allegations cannot be preempted by certification in a later-filed class action. This rule entirely undercuts the rationale on which the certification was expressly based in this case."
Id. at 351. Elimination of the rationale for conditional certification will also alleviate the concerns expressed by the respondents in this case and in the other "conditional certification" cases.
ALMON and SHORES, JJ., concur.
KENNEDY, Justice (dissenting).
I dissent. See my opinion concurring specially in Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997).
NOTES
[1] The McIlwains defaulted on their mobile home payments and Citicorp repossessed the mobile home. Citicorp's resale of the mobile home did not satisfy the debt the McIlwains owed under the financing agreement. Citicorp sued to collect the deficiency.
[2] The McIlwains also filed separate individual actions alleging fraud and misrepresentation.
[3] This amended counterclaim joined a new plaintiff, Tony McGrew, and included new claims alleging breach of contract, breach of implied contract, and breach of fiduciary duty. The class allegations again charged that Citicorp had engaged in a practice of systematically charging excessive credit life insurance premiums. The allegation is that Citicorp accomplished this by imposing credit life coverage calculated either on the sum total of remaining payments or on the original purchase price.
[4] Rule 23(a) provides:

"Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
[5] Because mandamus is an extraordinary remedy, the party seeking it must demonstrate: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991).
[6] Justice Cook, in his special writing in this case, purports to resolve the problems arising from the race to the courthouse among competing actions through a patchwork application of statutory law, common law, and equitable abatement rules. In doing so, Justice Cook disregards the Legislature's having provided a first-to-file abatement statute, Ala.Code 1975, § 6-5-440, which, by its terms, applies to all situations involving competing actions. For example, if a defendant faces two competing class actions, § 6-5-440 will abate the second-filed class action. This is true even if the second-filed class action is certified first, because certification relates back to the date the class complaint was filed. United States Parole Comm'n v. Geraghty, 445 U.S. 388, 404-05 n. 11, 100 S.Ct. 1202, 1212-13 n. 11, 63 L.Ed.2d 479 (1980); 13A C. Wright, et al., Federal Practice and Procedure § 3533.9, at 411 (1984). Instead of following the plain terms of the statute, Justice Cook cites Ex parte Liberty National Life Ins. Co., 631 So.2d 865 (Ala.1993), to support his patchwork approach, even though Ex parte Liberty National itself cites § 6-5-440. See Ex parte State Mut. Ins. Co., 715 So.2d 207 (Ala.1997) (See, J., concurring in the result).
[7] We must note, however, that this is not the purpose of conditional class certification. See In re Hotel Tel. Charges, 500 F.2d 86, 90 (9th Cir. 1974) (stating "[the] purpose of conditional class certification is to preserve the Court's power to revoke certification in those cases wherein the magnitude or complexity of litigation" becomes apparent), and In re General Motors Corp. Pick-Up Truck Fuel Tank, 55 F.3d 768, 785 (3d Cir. 1995) (stating "[t]he requirement in Rule 23[(c)] that the court decide certification motions as soon as practicable ... aims to reduce even further the possibility that a party could use the ill-founded threat of a class action to control negotiations or the possibility that absentees' interests could be unfairly bound. Hence, the procedural formalities of certification are important even if the case appears to be headed for settlement rather than litigation"). See Ex parte First Nat'l Bank of Jasper, 717 So.2d 342 (Ala.1997) (See, J., concurring in result) (stating that a rigorous analysis is required for conditional certification for settlement purposes) (citing Amchem Products, Inc. v. Windsor, ___ U.S. ___, ___, 117 S.Ct. 2231, 2241-42, 138 L.Ed.2d 689 (1997)).
[8] Because Rule 23, Ala. R. Civ. P., is identical to Rule 23, Fed.R.Civ.P., we use cases interpreting the federal rule as persuasive authority. First Baptist Church of Citronelle v. Citronelle-Mobile Gathering, Inc., 409 So.2d 727, 729 (Ala.1981).
[9] The court examines two factors in determining adequacy of representation: (1) whether the class representative has any conflicts of interest with respect to the common issues raised on behalf of the class and (2) whether the plaintiff's counsel will vigorously prosecute the litigation on behalf of the class. In this case, a three-year hiatus from June 1992, when Citicorp filed its motion to dismiss the McIlwain's counterclaim, until October 1995, when the McIlwains filed a second amended counterclaim, gives rise to the question whether the class members have been vigorously represented. Jones v. Bowen, 121 F.R.D. 344, 349 (N.D.Ill.1988), vacated as moot, Jones v. Sullivan, 938 F.2d 801 (7th Cir.1991).
[10] The McIlwains also rely on Ex parte Voyager Guaranty Ins. Co., 669 So.2d 198 (Ala.Civ.App. 1995), to support the trial court's certification order. They contend that Voyager: (1) relieves them of the burden of having to produce sufficient evidence that a class is properly certifiable and (2) waives the requirement of notice to a defendant, when the certification is initially labeled as "conditional." In Voyager, 669 So.2d at 200, the Court of Civil Appeals refused to decertify a class that had been certified without notice to the defendant, stating that mandamus relief was inappropriate where "[the certification] order, by its own terms, is merely a conditional order `pending further discovery and procedures,' and ... contemplates a ruling in regard to class certification after discovery and a hearing."

The defendants in Voyager did not seek review in this Court. But more importantly, the defendants did not file a motion with the trial court seeking to have the class decertified. Thus, mandamus relief was inappropriate in Voyager. This Court's opinion in Ex parte American Bankers Life Assurance Co. of Florida, 715 So.2d 186 (Ala.1997), demonstrates that a party is not relieved of its burden to present sufficient evidence that a class is properly certifiable when the class is labeled as "conditional," but we have not previously addressed the issue whether ex parte conditional certifications are appropriate.
[11] These counties were Barbour, Chambers, Choctaw, Clarke, Coosa, DeKalb, Dale, Escambia, Greene, Jefferson, Mobile, Montgomery, Talladega, Tuscaloosa, and Walker.